James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

STRICKLAND TRANSPORTATION COMPANY, Inc., Appellee.

No. 17563.

United States Court of Appeals Fifth Circuit.

June 9, 1959.

Jack I. Karro, Atty., Dept. of Labor, Washington, D. C., Bessie Margolin, Asst. Sol., Dept. of Labor, Washington,

D. C., Earl Street, Regional Atty., Dept. of Labor, Dallas, Tex., Stuart Rothman, Sol., Washington, D. C., for appellant.

Ralph W. Currie, Dallas, Tex., Currie, Kohen & Freeman, Dallas, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment denying an injunction against violation of the overtime and record-keeping provisions of the Wage and Hour Law, and dismissing appellant's complaint. This is technically the second appearance of this case in this Court. In its earlier appearance, 5 Cir., 228 F.2d 124, we reversed a judgment of the trial court which had held that a night watchman was an independent contractor, and thus not covered by the Act, 29 U.S.C.A. § 201 et seq. The mandate returned the case to the district court "to issue such orders as may be necessary to assure compliance in the future."

Upon remand, the Secretary of Labor moved for a permanent injunction enjoining the defendant from violating the overtime provisions of the Act. This motion was supported by introduction of the record of a conviction of Strickland for violation of the Act on a nolo contendre plea entered in 1947, and on which a fine of $1500.00 had been imposed. Appellee filed its answer supported by affidavit and oral testimony asserting that it was, and would continue to be, in full compliance with the provisions of the law, and prayed that the complaint be dismissed.

Appellant, on January 2, 1957, filed a supplemental complaint in which it was alleged flatly that "defendant has, since January 1, 1956, violated, and *is* violating the provisions of Sections 7 and 15 (a)(2) of the Act * * *." It is clear from the record now before us that as to any asserted violations upon which appellant here relies there was no violation of the Act occurring at the time of the filing of this supplemental complaint.[1]

It is clear that Strickland had for some time early in 1956 used some bookkeeping employees of another transportation company whose stock Strickland had contracted to buy and whose business Strickland was operating under temporary authority of the I.C.C. for work which, when performed by them, brought their total employment by the two companies in excess of 40 hours per week. They were not paid overtime rates for such excess hours.

It is not in dispute that when Strickland's top management learned of this practice counsel was consulted. Thereupon counsel asked the regional attorney for appellant whether he deemed this prohibited, and upon receiving an affirmative answer the company forthwith stopped the practice. No investigation was made at that time, and the practice had been stopped several months before a subsequent investigation was started by appellant as a basis for contesting Strickland's motion for dismissal of the complaint.

Upon this showing the trial court entered its order denying the injunction and dismissing the complaint.[2]

The Secretary of Labor is here appealing on the ground that the court erred in refusing to enjoin Strickland "from repeating its violations of the Act in the future." Appellant's brief makes the assertion that "the undisputed evidence is such, we submit, as to preclude the denial of injunctive relief herein within the

---

1. Although the Secretary sought to prove violations as to some "dockets" and "checkers" at Dallas, appellee claimed they were exempt under Section 13(b)(1). The court did not resolve this issue and the Secretary stands only on the one instance of subsequent violation next related.

2. This order follows:
"Heretofore plaintiff, having filed his complaint and defendant its answer, and after a trial of said cause, this Court ordered that plaintiff take nothing as against the defendant and entered judgment accordingly, and upon appeal to the United States Court of Appeals for the

broadest limits of sound judicial discretion," calling our attention by way of comparison to this court's decisions in Mitchell v. Hausman, d/b/a Alice Meat Co., 5 Cir., 261 F.2d 778; Lenroot v. Kemp, 5 Cir., 153 F.2d 153; and Hughes Tool Co. v. Owen, 5 Cir., 123 F.2d 950, 953.

■ We conclude otherwise. It cannot be said that on this record the trial judge abused its discretion in refusing to grant a permanent injunction as requested by the appellant.

This is another case as to which it can fairly be said that the Secretary of Labor seeks from the appellate courts the setting down of a standard of review of the denial of injunction based on the proposition that there can be no effective enforcement of the Wage and Hour Law unless temporary injunctions are granted pendente lite and permanent injunctions issued after coverage is established in the case in suit. This follows, so runs the argument, because otherwise recalcitrant employers can gamble by violating the terms of the Act and avoid the higher payments due their employees until final judgment is entered against them. This results because the law forbids the awarding of back pay in actions for an injunction; because of the difficulty of proving wilfulness in criminal actions and because of the reluctance of employees to authorize suit by the Secretary for back pay. The Supreme Court has given support to this contention in its recent decision in Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 214, 79 S.Ct. 260, 265, 3 L.Ed.2d 243, where it said:

"Even a cursory examination of these provisions [the provisions for enforcement] shows that the injunction is the only effective device available to the Secretary when coverage is in doubt and he wishes to establish the availability of the Act to employees not theretofore afforded its protections."

However, the Secretary, by the clearest implication, here suggests that the ordinary rule of review of the discretionary act of granting or refusing an injunction must, because of this policy consideration, be somehow changed. The Court in that same opinion gave no support to this thesis, for it stated further:

"* * * In any event, upon proceedings on remand, it will still be within the discretion of the District Court whether or not to issue an injunction. If, for instance, respondent discloses its records, enters a stipulation concerning which employees are covered, and agrees not to violate the Act in the future, the District Court might conclude that an injunction is unnecessary. Compare Mitchell v. Bland, 5 Cir., 241 F.2d 808, 810, with Chambers Construction Co. v. Mitchell, [8 Cir.] supra, 233 F.2d [717], at page 725."

■ We have heretofore stated and again repeat: "The Act places the responsibility for its administration on the courts as well as on the [Secretary]. The courts should not treat lightly this responsibility." Lenroot v. Kemp, 5 Cir., 153 F.2d 153, 156. This responsibility rests primarily upon the district courts, because, as we indicated clearly in Mitchell v. Bland, 5 Cir., 241 F.2d 808, cited in the above quotation from the Supreme Court's opinion, it is there that equity

Fifth Circuit, said Court reversed the judgment, 'with directions to issue such orders as may be necessary to assure compliance in the future' (228 F.2d 124). Upon due consideration of the entire record, and having received additional oral testimony at a new trial of this cause had to the Court at San Antonio, Texas, on September 30, and October 1, 1957, and after having received and considered oral arguments and written briefs by counsel for both parties, the Court did by memorandum opinion dated March 20, 1958 find that the injunction sought by plaintiff in this cause should be denied, and in accordance therewith it is therefore,

"Ordered, adjudged, and decreed, that the plaintiff's prayer for injunction in this cause be, and the same is, hereby denied, and the complaint herein be, and is, dismissed."

practice has traditionally and properly placed it.

This court has not hesitated, however, in cases in which it appeared that the trial court's evaluation of the factors to be considered by it was clearly incorrect, to reverse a refusal to enjoin and remand with directions to issue an injunction. Lenroot v. Kemp, supra; Mitchell v. Hausman, d/b/a Alice Meat Co., supra.

We think this is not such a case as would warrant a reversal of the trial court's exercise of discretion. This record shows a wilful violation some eight years before the litigation over the status of the watchman, which is the case technically still before us; this is followed by full compliance upon remand and our judgment in this case. We find then that in a somewhat unusual situation involving employees of two corporations jointly operated, there was an alleged violation which, however, was voluntarily corrected upon the advice that appellant considered it improper. It is somewhat persuasive of appellee's good faith in this transaction that it occurred while this matter was actually pending before the trial court on a motion by the Secretary for a permanent injunction. In any event, we think the appellee's voluntary abandonment of that challenged practice, without investigation or complaint, could be a controlling circumstance in the mind of the court in its determination that appellee had undertaken in good faith to comply.

■ We do not decide the issue here on any theory that the grant of an injunction by the trial court creates any undue burden or is too much of a disadvantage to be imposed on a defendant in an enforcement proceeding. We think it quite plain that not every case of violation, especially where coverage is not an open and shut matter, requires the grant of an injunction. We think it equally clear that a mere promise to "sin no more" does not warrant the trial court's refusal to grant an injunction where the coverage is clear and the failure to comply is based on a sham or pretense. We

have indicated in the Kemp and Alice Meat Company cases, supra, and also in Mitchell v. Hodges Contracting Co., 5 Cir., 238 F.2d 380, 381, some of the guideposts that we consider to be relevant to the decision to be made initially by the trial courts. Under these standards we conclude that the action of the trial court here cannot be coerced in the direction so cogently requested by the appellant.

The judgment is affirmed.