**Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Appellant,**

**v.**

**John H. THOMPSON d/b/a Thompson Truck & Equipment Company, Appellee.**

**No. 18577.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1961.

Jacob I. Karro, Deputy Asst. Sol., Bessie Margolin, Asst. Sol., Washington, D. C., Earl Street, Reg. Atty., D. of L., Dallas, Tex., Harold C. Nystrom, Acting Solicitor of Labor, Judah Best, Washington, D. C., Harry Campbell, Jr., Acting Regional Atty., Dallas, Tex., for appellant.

Howard Carney, Atlanta, Tex., for appellee.

Before TUTTLE, Chief Judge, HUTCHESON, Circuit Judge, and CLAYTON, District Judge.

TUTTLE, Chief Judge.

This is an appeal by the Secretary of Labor from a judgment denying an injunction prohibiting the appellee from violating the minimum wage or overtime compensation and record-keeping provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The appellant, recognizing the function of the trial court to resolve disputed

questions of fact, nevertheless contends that it is without dispute in the record that there were several plain violations of the Act and that the trial court's findings that there were no violations were clearly erroneous; that since the court's denial of an injunction was based on these erroneous findings, the denial of injunction was equally erroneous and that the judgment should be reversed with directions to the trial judge to enter an injunction as prayed.

The two contentions present problems of different qualities. If we find upon reading the record that the evidence on behalf of the Secretary demanded findings of fact that there had been violations, then it is our plain duty to reverse the judgment for a correction of the finding.

Even though we arrive at a conclusion, however, that the evidence demands a finding that violations occurred, it does not follow, as a matter of course, that we should order an injunction to issue. The Secretary recognizes this, but insists that this is a case in which the court should coerce the discretion of the trial judge. See Mitchell v. Hausman, 5 Cir., 261 F.2d 778, 780; Mitchell v. Blanchard, 5 Cir., 272 F.2d 574; and Mitchell v. Strickland Transp. Co., 5 Cir., 267 F.2d 821.

Dealing first with the fact issue, we are forced to the conclusion that there were several clear violations of the minimum wage or overtime pay provisions of the Act. It was not disputed that the appellee paid the two Grant brothers a monthly salary regardless of the number of hours worked. Moreover, it was not disputed that one of the employees worked more than 75 hours a week for $300 a month flat salary. The minimum salary for *four weeks* at 75 hours a week would be $370.00—for a 30-day month it would run to approximately $400 at the minimum rate. See Walling v. A. H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

Another employee testified that he had trouble upon submitting his first time sheet because Thompson said he wouldn't settle for over twelve hours a round trip.[1] This was not disputed.

As to those items, it seems clear that there were direct violations of the wage provisions of the law. The findings of the court that there were no violations amounts to giving the appellee clear sailing to continue the practices.

A further fact should have been, but was not, made the basis of positive findings by the court. It was testified that several employees who were paid only at the end of the month (even those who were paid hourly wages received only one monthly payment) were in need of advances. Advances were made by the wife of Thompson's brother. The brother was an employee of Thompson's and helped him operate his many businesses. For each dollar of advance made *there was deducted* from the pay *by Thompson* at the end of the month 10 cents on the dollar for whatever period was covered by the advance—an annual rate of a minimum of 120%. The pay from which this deduction was taken was at the statutory minimum of $1.00 per hour.

The trial court made no findings as to whether the deduction *by the employer*

---

1. This evidence was as follows:
"Q. Well, when you submitted your time each month—did you say each month? A. Yes, sir.
"Q. Did you ever have any trouble submitting it? A. Well, I had some trouble on the first one.
"Q. The first time you submitted one? A. Yes, sir.
"Q. Do you remember when that was? A. Yes, sir, that was the first of March.
"Q. The first of March? A. Yes, sir.

"Q. And what happened when you submitted it? A. Well, he said it had too many hours, and he wouldn't settle for over twelve hours a round trip. He said if I kept it under twelve hours I wouldn't have any trouble.
"Q. Were you told that? A. Yes, sir.
"Q. Who told you? A. Mr. Thompson.
"Q. He told you that you wouldn't be paid for over twelve hours? A. That's right."

of this illegal rate of interest amounted to a withholding of part of the statutory minimum wages, although the facts as to the loans were undisputed. See Walling v. Peavy-Wilson Lumber Co., D.C. W.D.La., 49 F.Supp. 846, 890.

Finally, as to the findings of facts, the trial court failed to make findings as to the keeping of the records prescribed by the regulations. It seems undisputed that no proper records were kept, since there was no daily record of hours worked. The Secretary is entitled to have a finding of the court on this matter as well. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515.

The need for specific findings of fact and a determination that those which are illegal are in violation of the Act is demonstrated by this record. It was shown that the defendant had a record of several past investigations resulting in findings of deficiencies. Evidence of others was tendered but refused admission in evidence because not within the statutory period.[2] Now unless the court makes specific findings, the respondent can feel free to continue all the allegedly illegal practices which have been the subject of this litigation.

While we fully recognize that the first decision as to the issuing of an injunction is for the trial judge to make, Mitchell v. Hodges Contracting Co., 5 Cir., 238 F.2d 380; Walling v. Florida Hardware Co., 5 Cir., 142 F.2d 444, we have not hesitated to hold in a clear case that the denial of injunctive relief was error. Mitchell v. Hausman, supra; Mitchell v. Blanchard, supra; Mitchell v. Strickland Transp. Co., supra.

Here we think the trial court should first make the proper findings and permit the introduction of such legal evidence as the parties may consider appropriate, touching on the prior record of the respondent's compliance, and then in light of the principles announced in the decided cases, make its determination as to the granting or withholding of an injunction.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

---

2. The trial court should have received evidence of any such investigations in connection with its duty to determine whether to grant an injunction. This is the only purpose for which the Secretary sought to introduce this evidence.