**BURK BUILDERS, INC.,** Appellant,

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor,** Appellee.

**No. 22228.**

United States Court of Appeals Fifth Circuit.

Jan. 27, 1966.

Shalle Stephen Fine, Miami, Fla., for appellant.

Bessie Margolin, Associate Solicitor, Dept. of Labor, Washington, D. C., Charles Donahue, Solicitor of Labor, Robert E. Nagle, William Fauver, Attys., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., for appellee.

Before GEWIN and BELL, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq., the Secretary of Labor sought to enjoin the appellant from continuing to withhold payments of unpaid minimum wages and overtime compensation alleged to be due a number of employees totaling $4,503.24. The case was tried by the United States District Court for the Southern District of Florida. The work involved was upon a project for the construction of a new post office building designed to replace the existing main post office in Hollywood, Florida.

The Court decided that the Act was applicable to the project and ordered the payment of the alleged wages to the Secretary of Labor for distribution to the employees "or to their estates if that be necessary." The judgment further directed that any such funds which were not distributed within a reasonable time because the persons entitled thereto could not be found or because of their refusal to accept the money "shall be covered into the Treasury of the United States as miscellaneous receipts."

The appellant contends that the Act is not applicable to the project because his contract was not directly with the Government, and that the provision of the judgment as to the payment of money into the Treasury is unauthorized. Appellant insists that any of the mentioned wages which can not be delivered to the persons found to be entitled thereto should remain with it and become its property.

We are convinced that the Act does apply to the project. The appellant knew the background of the dealings between the Government and the person with whom he contracted for the construction, and was well aware that the purpose of

the project was to construct a new post office building to replace an old one. On oral argument appellant conceded that there was "a reasonable expectation" that the new building would be dedicated to such use. Warren-Bradshaw Drilling Company v. Hall, 317 U.S. 88, at 90–91, 63 S.Ct. 125, 87 L.Ed. 83; Mitchell v. Raines, 238 F.2d 186 (5 Cir. 1956); Tormey v. Kiekhaefer Corp., 76 F.Supp. 557 (E.D. Wis. 1948). We also reject the contention that "the equities" of the case permit the appellant to retain the wages in question and forbid their payment into the Treasury as ordered by the trial court. In addition to public policy considerations involved in the application and enforcement of the Fair Labor Standards Act, equitable principles would not suggest that appellant is entitled to the funds. Such considerations support the action of the trial court; the equities are not with the appellant. Wirtz v. Jones, 340 F.2d 901 (5 Cir. 1965).

The findings of fact by the trial court are supported by the evidence and the legal conclusions reached are supported by the facts found.

The judgment is affirmed.