**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**MALTHOR, INC., a corporation, doing business as Purity French Bakery, and Antonio Malfa, Individually and as President of Malthor, Inc., Appellees.**

No. 21322.

United States Court of Appeals
Ninth Circuit.

March 7, 1968.

Rehearing Denied April 18, 1968.

**2**

Bessie Margolin, Associate Solicitor (argued), Charles Donahue, Solicitor of Labor, Robert E. Nagle, William Fauver, Attorneys, U. S. Department of Labor, Washington, D. C., Altero D'Agostini, Regional Attorney, U. S. Department of Labor, San Francisco, Cal., for appellant.

Samuel B. Francovich (argued), Melvin Schaengold, Reno, Nev., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

The Secretary of Labor brought this action under § 17 of the Fair Labor Standards Act (Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended, 29 U.S.C. § 201 et seq., 29 U.S.C. § 217)[1] to enjoin appellees from violating the Act's monetary, record-keeping and shipping requirements, and from withholding unpaid minimum wages and overtime compensation due certain of their employees. The district court below found that the appellees were subject to the Act, that they had repeatedly violated it, and that their wage violations had resulted in underpay-

ments of $5,576.73 due 66 of their present and former employees. The district court issued an injunction against future violations, but refused to order payment of the back wages and overtime compensation. Appellant appeals from that refusal.

The district court in its opinion explained the refusal to order payment of the back wages and overtime compensation:

"The equitable considerations which influence the Court in this case are the facts that defendants acted in good faith in the belief that the Purity French Bakery business did not come within the coverage of the Fair Labor Standards Act. A relatively minor (although legally substantial) portion (three and six-tenths) of defendants' gross production moved in interstate commerce, and the commencement of the interstate movements, i. e., the sales to the distributors, were purely local transactions completed by defendants in Reno, Nevada. Defendants had reasonable cause to believe that the business as conducted did not come within the Act, and defendants' violations of the Act were not wilful." Wirtz v. Malthor, 254 F.Supp. 475, 477 (D.Nev.1966).

The court then concluded that:

"The public interest does not require it [an order requiring payment of the back wages], and such an order would constitute nothing more than an unwarranted penalty against the employer." Id. at 478.

Appellant moved the district court to reconsider its refusal. The court did so, but still refused to order payment. In a supplemental opinion, the district court said that because the appellees' violations were not wilful, because the business was small so ordering payment of the back wages might prove a hardship for

[1]. 29 U.S.C. § 217, as amended, provides: "The district courts, * * * shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter * * *"

it, and because the public interest was well enough protected by the injunction against future violations, payment of the back wages was not required.

██ The Secretary's appeal is well taken. We find the district court's reasons for refusing to issue the requested restraint inadequate. In regard to good faith, the district court itself found that the appellees "should have known that a substantial portion of their bakery products was being transported in interstate commerce." In any event, any lack of wilfulness on the part of these appellees does not justify freeing them from having to make restitution. Burk Builders, Inc. v. Wirtz, 355 F.2d 451 (5th Cir. 1966), affirming Wirtz v. Burk Builders, Inc., 17 WH Cases 109, 52 Labor Cases #31,726 (S.D.Fla.1964); Wirtz v. Miller, 226 F.Supp. 15 (E.D.N.C.1964); Wirtz v. Hartleys, Inc., 245 F.Supp. 101 (S.D. Fla.1965); See Wirtz v. English, 17 WH Cases, 52 Labor Cases #31,716 (D.Kan. 1965). Likewise, the small size of appellees' business and the possible hardship caused them by having to pay the withheld wages and compensation do not warrant refusing the restraint. Fortuna Broom Co. v. Wirtz, 379 F.2d 327 (5th Cir. 1967) affirming Wirtz v. Fortuna Broom Co., 17 WH Cases 293, 53 Labor Cases #31,785 (S.D.Tex.1966).

██ It must be remembered that restraining appellees from withholding the minimum wages and overtime compensation is meant to vindicate a public, rather than a private, right, and that the withholding of the money due is considered a "continuing public offense." Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Burk Builders, Inc. v. Wirtz, supra; Wirtz v. English, supra. The 1961 amendment of Section 17 (29 U.S.C. § 217) authorizing the restraint that the

Secretary requests here had at least two purposes. First, the restraint was meant to increase the effectiveness of the enforcement of the Act by depriving a violator of any gains accruing to him through his violation. Second, the amendment was meant to protect those employers who comply with the Act from having to compete unfavorably with employers who do not comply. (Senate Report No. 145, 87th Cong., First Session, 1961; 1961 U.S.Code Cong. & Admin. News 1620 at 1658–1659). Those public purposes can be fulfilled in this case only by restraining the appellees from further withholding the unpaid compensation.

In addition, the amendment made to Section 16(b) (29 U.S.C. § 216(b)) [2] in 1961 withdraws an employee's right to sue for the unpaid wages and overtime compensation due him under the FLSA if the Secretary files an action against the employer and seeks restraint of any further withholding of unpaid wages, as was done here. Thus, if the appellees are not restrained from further withholding of the unpaid compensation due their employees, those employees will have a legal right to that money without any means to enforce it. Such a situation should be avoided whenever possible. Wirtz v. English, supra. To carry out the purposes of the 1961 amendments to Section 16(b), as well as those to Section 17, the district court should have granted the requested restraint here.

The judgment of the district court, insofar as it denies prayer for wage relief, is reversed, and the cause is remanded to the district court with instructions to enter an injunction restraining appellees from further withholding the minimum wages and overtime compensation found to be due for past and present employees.

2. 26 U.S.C. § 216(b), as amended, provides:
  " * * * The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or 207 of this title by an employer liable therefor under the provisions of this subsection."