George W. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Robert B. PARKE, d/b/a Southwestern Guard Service, Defendant-Appellee.

No. 26820.

United States Court of Appeals Fifth Circuit.

July 18, 1969.

Charles Donahue, Sol., U. S. Dept. of Labor, Washington, D. C., M. J. Parmenter, Regional Atty., U. S. Dept. of Labor, Richard L. Collier, Trial Atty., Dallas, Tex., Bessie Margolin, Associate Sol., Dept. of Labor, Robert E. Nagle, Donald S. Shire, Atty., Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Robert C. Maley, Jr., Sheinfeld & Maley, Richard S. Donoghue, Houston, Tex., for appellee Robert B. Parke, d/b/a Southwestern Guard Service.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

COLEMAN, Circuit Judge:

This action was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act [1] to enjoin defendant from violating the overtime and recordkeeping requirements of the Act, and to restrain defendant from continuing to withhold some $4,100 in unpaid overtime compensation due under the Act to its employees. Defendant admitted noncompliance with the Act's overtime requirements, but claimed that his employees were not covered by the Act, since they were not engaged in commerce or in the production of goods for

---

1. Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*

commerce as contended by the Secretary. On the basis of the parties' stipulation of facts, and after considering the facts adduced at the trial, the able and experienced district judge concluded that defendant's employees were within the coverage of the Act and that they had not been paid in accordance with its overtime requirements. He, however, declined to grant the injunctive relief requested by the Secretary.

As to the denial of an injunction against future violations, as was done in Wirtz v. B. B. Saxon Co., 5 Cir., 1966, 365 F.2d 457, 463, we vacate the judgment below and remand the case for further consideration (1) in the light of what is herein said and (2) in the exercise of the sound judicial discretion of the trial court, consistently with the purposes of the Act under which the suit was brought.

As to the denial of an injunction commanding restitution we reverse and remand with directions to enter judgment for the Secretary.

Appellee is engaged in providing guard and watchman service for various buildings in Houston, Texas. During the period pertinent to this action, these included the Southern National Bank Building (from December, 1965, to the time of trial), the Capital National Bank Building (from July, 1965 to March, 1966), the United States Customs House (from June, 1966 to May, 1967), and the new Federal Building (from November, 1964 to May, 1965, and from June, 1966 to May, 1967). It was stipulated that each of these buildings is principally occupied by a bank, government agency or business regularly engaged in working on bank papers, commercial papers or other materials to be shipped out-of-state, or in handling materials received from outside the state. The guards and watchmen performed the duties of protecting the premises and occupants from theft, trespassers and fire.

Appellee testified that although he knew he was under a contractual obligation to the Government to pay time and one-half for overtime work by his employees at the Federal buildings, he felt that prior to a Wage-Hour investigation, in the summer of 1966, he "had no reason" to inquire whether the Fair Labor Standards Act required him to pay such overtime compensation to employees at the bank buildings. At a conference on August 11, 1966, appellee's attorney informed the Wage-Hour investigator that he had "preliminarily decided and so advised Mr. Parke that this employment did not come under the Fair Labor Standards Act". On August 29, 1966, at the conclusion of the investigation, the investigator reviewed the Act's requirements with the appellee, placing particular emphasis upon the overtime and recordkeeping requirements. In view of his continued refusal to comply, this action was thereafter filed in November, 1966.

Appellee admitted at trial that he did not begin to pay statutory overtime compensation until June, 1967—more than six months after the complaint was filed —explaining his failure to pay such compensation on the ground that both he and his attorney believed his employees were not within the Act's coverage. No testimony was given by either Mr. Parke or his attorney as to the basis for this belief.

In a Memorandum Opinion dated April 1, 1968, the district court held that Mr. Parke's employees were within the Act's coverage, citing numerous cases in support of that conclusion. The court also held that while appellee had substantially complied with the Act's recordkeeping requirements, his employees had not been compensated in accordance with its overtime provisions. However, the court declined to enjoin violation of those provisions in the future, stating that appellee had "acted in good faith and on the advice of counsel"; that there was "no reason to believe that counsel's advice was based on insufficient research since coverage in this case is hardly an open and shut matter". Nothing that there was "some evidence that the [appellee] is presently paying

time and a half for overtime", the court concluded that future compliance is probable and that "the drastic remedy of injunction is not called for".

On April 8, 1968, the Secretary filed a motion for a new trial or, in the alternative, for supplemental findings. As grounds for this motion, it was pointed out, *inter alia*, that where, as in this case, employees have not received the compensation to which they are entitled under the Act, the Court should at the least order the restraint of further withholding of such sums.

On May 3, 1968, judgment was entered denying all the injunctive relief sought by the Secretary. Subsequently, in a Supplemental Memorandum dated June 18, 1968, the court denied the Secretary's motion, stating his disagreement with those decisions which hold that the restraint of further withholding is mandatory in cases of this nature, adding that "the Secretary sought equitable relief when he instituted this action and he should not now be heard to complain when equitable defenses are allowed. In the vernacular, the Secretary cannot have his cake and eat it too". The court concluded: "Having previously found that defendant acted in good faith and that future compliance with the Act is probable, I persist in my opinion that refusal to grant injunctive relief in the instant case is a proper exercise of judicial discretion". On June 27, 1968, an order was entered denying the Secretary's motion.

The Secretary appeals from the refusal to enjoin violation of the overtime provisions in the future, and also from the refusal to restrain continued withholding of unpaid overtime compensation due under the Act.

## I

### The Denial of Injunctive Relief against Future Violations

The District Court found and held as follows:

"[T]hat the defendant acted in good faith and on the advice of counsel in failing to pay time and a half for overtime. There is no reason to believe that counsel's advice was based on insufficient research since coverage in this case is hardly an open and shut matter. Mitchell v. Strickland Transportation Co., 267 F.2d 821 (5 CA 1959); but cf. Mitchell v. Pidcock, 299 F.2d 281 (5 CA 1962); Mitchell v. Blanchard, 272 F.2d 547 [574] (5 CA 1959). The defendant's failure to comply with the Act was not the product of sham or pretense, nor is there any indication that the defendant assumed an 'ostrichlike attitude of self-delusion.' But cf. Mitchell v. Hausman, 261 F.2d 778 (5 CA 1958). In addition, the Secretary has failed to show that the defendant stubbornly persisted in his refusal to comply after knowledge of coverage was brought home. Goldberg v. Cockrell, 303 F.2d 811 (5 CA 1962).

"The probability of future compliance is a decisive factor in the decision to grant an injunction. Wirtz v. Atlas Roofing Manufacturing Co., 377 F.2d 112 (5 CA 1967). There was some evidence that the defendant is presently paying time and a half for overtime as required by Section 7. This leads me to believe that future compliance is probable and that an injunction should not issue.

"Having considered the evidence, I am of the opinion that the drastic remedy of injunction is not called for and that the public interest would not necessarily be served thereby. Mitchell v. Bland, 241 F.2d 808 (5 CA 1957). However, in the event that future violations of the overtime provisions are found by the Secretary, he may move to reopen this proceeding and have prompt hearing before the Court and seek whatever relief may be appropriate. Mitchell v. Blanchard, 168 F.Supp. 689 (N.D.Fla.1958), rev'd. 272 F.2d 574 (5 CA 1959)."

Our function is one of review only and the opinion of the District Court is in all cases entitled to great respect. We are empowered to reverse his factual

findings only if they are clearly erroneous, applying the standard announced by Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776. For example, where the evidence would support a conclusion either way, a choice by the trial judge between two permissible views on the weight of the evidence is not clearly erroneous. Of course, if we are of the considered opinion that there is an error of law then that is our sole responsibility.

■ We completely agree with the District Court that the question of the issuance of a restraining injunction pursuant to Section 17 of the Fair Labor Standards Act is an equitable matter coming within the general equity jurisdiction and powers of the Court. We so held in Wirtz v. Jones, 1965, 340 F.2d 901, and again in Wirtz v. B. B. Saxon Company, 1966, 365 F.2d 457, 462. In *Saxon*, we specifically held, "there can be no question that the issuance of an injunction [in such cases] is a matter within the sound discretion of the trial judge".

In *Saxon*, we went on to say, however,

"[T]he decision of the lower court is subject to review, and where its discretion has not been exercised *with an eye to the purposes of the Act,* (emphasis added) it will be reversed. Such decisions have been especially common in cases involving application of the Fair Labor Standards Act. * * * We have pointed out that an injunction does no more than require that the law be followed * * * the minimal inconvenience to the employer, balanced against the difficulties of enforcing the Act to the public benefit, argues strongly for issuance of an injunction. Mitchell v. Pidcock, 5th Cir., 1962, 299 F.2d 281, 287. The case must be remanded, and on remand further consideration should be given, under the test laid out in Goldberg v. Cockrell [303 F.2d 811] to the question of whether or not injunctive relief should be ordered."

In *Saxon*, as here, there was no question that the requirements of the Act were not met but the district court found no intention to violate the Act and that compliance was voluntarily made prior to the filing of the suit. It thus felt there was no need for an injunction to secure further compliance with the law.

In Wirtz v. Jones, *supra*, we noted that Section 17 "was designed and enacted as a necessary measure to assure the effective and uniform compliance with and adherence to a public policy, relating to wage standards for labor, adopted in the National interest".

■ We think, therefore, that while in cases of this nature the trial court sits and decides in the exercise of that sound discretion ordinarily attributed to courts of equity the function is nevertheless restricted by the requirement that it must be done "with an eye to the purposes of the Act", Wirtz v. Saxon, *supra*.

Purely as factual findings rendered in the absence of this limitation, we would find ourselves unable to say that the District Court fell into clear error when he found a good faith refusal to comply with the Act and a lack of necessity for injunction against future action. Because of these limitations however, the findings are encompassed by great uncertainity. We have concluded that we should not attempt to resolve the uncertainties here but that, as in *Saxon*, the original trier of the fact should first perform that function, hence the remand for that purpose.

Stated concisely this is what beclouds the findings below.

■ Reliance upon the advice of counsel provides the chief support for the finding of good faith. That, of course, is not irrebuttable (or open and shut) evidence of good faith. See Mitchell v. Blanchard, 5 Cir., 1959, 272 F.2d 574. In the case now before us, if counsel for Mr. Parke had really consulted the precedents he would have found

many cases holding that employees doing this type work were covered by the Act.[2] One item of evidence seriously impeaches the claim of good faith: Mr. Parke knew that by virtue of a voluntary contract he was obligated to pay overtime to the guards at the federal buildings but he had not paid it.

■ A failure to comply after complaint is made or suit brought must depend for its significance on the particular facts of the case. If coverage is a matter upon which well advised legal minds might reasonably differ then the wage payer should not be penalized for exercising his right to a judicial determination. If there is no reasonably valid defense, then the rule is and should be different, e.g. Mitchell v. Blanchard, *supra*; Wirtz v. Atlas Roofing Manufacturing Company, supra; Goldberg v. Cockrell, 5 Cir., 1962, 303 F.2d 811; Mitchell v. Hausman, 5 Cir., 1958, 261 F.2d 778. See, also, Wirtz v. Mississippi Publishers Corporation, 5 Cir., 1966, 364 F.2d 603, wherein it was held, in a case

of clear coverage, that "Continuance of violations in the face of official warnings and conduct continuing such violations for more than a year after the complaint was filed removes this case from the category where an injunction is unnecessary", 364 F.2d at 607.

Upon remand, for good cause shown, or *sua sponte*, the Court is, of course, free to reopen the case, if considered necessary, for further proof in the resolution of this problem.

## II

### The Denial of an Injunction for Restitution

The Secretary insisted in the District Court, and before this Court that if coverage is found an injunction against withholding of past due overtime wages must issue as a matter of course, citing Wirtz v. Malthor, Inc., 9 Cir., 1968, 391 F.2d 1, and Wirtz v. Harper Buffing Machine Company, 2 Cir., 1968. The District Court, in response to these contentions, remained of the opinion "that

---

2. 1. Mitchell v. Joyce Agency, 7 Cir., 1954, 211 F.2d 241; reversed, 348 U.S. 945, 75 S.Ct. 436, 99 L.Ed. 740 (1955) affirming Durkin v. Joyce Agency, Inc., 110 F.Supp. 918; guards and watchmen furnished at central office and warehouse of company owning retail stores in different states;

2. Walton, Administratrix v. Southern Package Corporation, 320 U.S. 540, 64 S.Ct. 320, 88 L.Ed. 298 (1944) reversing 194 Miss. 573, 11 So.2d 912, night watchman who guarded veneer mill at night at a time when it was not in operation;

3. Public Building Authority of City of Birmingham v. Goldberg, 5 Cir., 1962, 298 F.2d 367, night watchmen and others supplied for a building housing employees of the U.S. Social Security Administration;

4. Mitchell v. John R. Cowley & Bro., Inc., 5 Cir., 1961, 292 F.2d 105, night watchman at a junkyard;

5. Russell Company v. McComb, 5 Cir., 1951, 187 F.2d 524, night watchman-guard at a wholesale grocery business;

6. Mitchell v. Famous Realty, Inc., 2 Cir., 1954, 211 F.2d 198 fire watchmen in buildings in New York City whose presence reduced fire insurance rates.

Parke relied on Mitchell v. Jaffe, 5 Cir., 1958, 261 F.2d 883 and Sams v.

Beckworth, 5 Cir., 1958, 261 F.2d 889. In *Jaffe* some of the cases above listed were recited in a footnote. The night watchman in *Jaffe* was held not covered because little of the scrap metal he guarded moved in interstate commerce. *Sams* presented a similar situation.

In the instant case, the District Court stated: "There can be no doubt that the banks, government agencies and businesses housed in the buildings in question are engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act. * * * I find that the work of the defendant's employees had such a close and immediate connection with the production of goods for commerce as to be an essential part of it and that the employees were, therefore, within the scope of the Act."

The employer does not appeal these aspects of the case. Indeed, it would have been frivolous to have done so.

The cited cases, available to counsel for the employer and the decisive findings and conclusions of the trial court leave us with the firm conviction that counsel's advice is not a material factor as to the remedy to be applied on the record as it presently stands.

the issuance of an injunction against the withholding of past due overtime wages is not an automatic, mechanistic consequence of a finding of coverage".

██ Under the facts of this case we do not find it necessary to reach or decide the point. Applying the rationale of prior decisions in this Circuit to the facts before us we are of the opinion that the District Court should have ordered restitution.

In Wirtz v. Jones, *supra,* we held that an injunction requiring an employer to pay overtime compensation previously withheld is not to collect a debt but to correct a continuing offense against the public interest.

In Burk Builders, Inc. v. Wirtz, 5 Cir., 1966, 355 F.2d 451, the employer had a contract to construct a post office building in Hollywood, Florida. The District Court enjoined it to make restitution of overtime wages previously withheld. We affirmed per curiam. It is true that in *Burk* the District Court, in the exercise of its discretion, granted the injunction, rather than denying it as happened here. In our disposition of that case, however, we spoke as follows:

> "We also reject the contention that 'the equities' of the case permit the appellant to retain the wages in question and forbid their payment into the Treasury as ordered by the trial court. In addition to public policy considerations involved in the application and enforcement of the Fair Labor Standards Act, equitable principles would not suggest that appellant is entitled to the funds. Such considerations support the action of the trial court; *the equities are not with the appellant.* [Emphasis added]. Wirtz v. Jones, 340 F.2d 901 (5 Cir., 1965)."

This language indicates beyond question that had the District Court denied the injunction it would have been reversed. It was categorically held that "the equities are not with the appellant". See, also, Wirtz v. Hines Realty Company, 5 Cir., 1966, 361 F.2d 321, reaffirming Burk, *supra.*

We agree with the court below that an injunction is a harsh remedy. We are well aware of the legitimate objections to government by injunction. We recognize the generally existing reluctance to require businesses to operate under injunctions as they look over the shoulder for the approach of contempt proceedings. Nevertheless, this Court held in Wirtz v. Atlas Roofing Manufacturing Company, 1967, 377 F.2d 112, "in order to effectuate the policy of Congress and aid the administrative effort at enforcement of this policy, the injunction is a necessary tool".

The Fifth Circuit has stated time and again, and correctly so, that the District Court sits in equity for the disposition of these Wages and Hours cases. We find it unnecessary here to say, in the decision of this case, that no conceivably possible circumstances could ever arise upon which a district court would be warranted in the denial of restitution. We shall pass upon such a situation if and when it does arise.

We vacate the denial of the injunction against future violations and remand that aspect of the case for the further consideration of the District Court.

We reverse the denial of an injunction which would have commanded the restitution of withheld overtime compensation and remand to the District Court with the direction that an appropriate injunction be granted.

Vacated in part, and in part reversed and remanded with directions.

SIMPSON, Circuit Judge (concurring specially):

I concur fully in Part II of the opinion reversing the refusal of the district court to enter a mandatory injunction requiring restitution of past due overtime wages. The refusal to provide this injunctive relief was a clear abuse of whatever slight discretion—if any— the decided cases leave to the district judge in this situation. I am content to

leave to another panel in another case the holding, clearly foreshadowed by the decided cases, that injunctive relief in this situation should issue as a matter of course.

As to Part I of the opinion, rather than send the case back to the district judge for further consideration of injunctive relief against future violations, I would hold that, under the circumstances here presented, the refusal of such relief was a clear abuse of discretion, and direct that future violations be enjoined.

Accordingly, I concur specially in the Court's opinion.