**James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellee and Cross-Appellant,**

**v.**

**DAISY MANUFACTURING COMPANY, a Corporation, Appellant and Cross-Appellee.**

**Nos. 20700, 71–1002.**

United States Court of Appeals, Eighth Circuit.

July 13, 1971.

Sylvia S. Ellison, Atty., U. S. Dept. of Labor, Peter G. Nash, Sol. of Labor, Bessie Margolin, Assoc. Sol., Carin Ann Clauss, Judith Bleich Kahn, Attys., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Sol., for appellee and cross-appellant.

Hugo Swan, Jr., James A. Gilker, Charles R. Garner, Fort Smith, Ark., for appellant and cross-appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The Daisy Manufacturing Company appeals from a decision of the United States District Court for the Western District of Arkansas finding that Daisy had violated the equal pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The opinion of the District Court is published at 317 F.Supp. 538 (1970).

Daisy contends on appeal (1) that the District Court was without jurisdiction to award back pay because of the "novel question" proviso of section 16(c) of the Act, and (2) that the District Court erred in holding that male and female personnel performed equal work within the meaning of the Act.

The United States cross-appeals, contending that the District Court erred in denying pre-judgment interest on the back pay awards.

■ We have previously resolved the jurisdictional issue adversely to Daisy in Hodgson v. American Can Company, 440 F.2d 916 (8th Cir. 1971), wherein we stated:

"* * * [T]he Secretary is not burdened by the Section 16(c) jurisdictional restrictions when seeking to recover back wages under the enforcement provisions of Section 17."

■ We also resolved the interest issue contrary to Daisy's position in *American Can*, stating:

"Clearly the award of back wages under the Fair Labor Standards Act is remedial in nature. * * * The purpose of the award is to compensate the employees for the loss sustained because of the wrongful withholding of wages. While the good faith of the employer is one of many factors to be considered, '[t]o make such employees whole, the provision for the payment

of interest for the time the back pay was wrongfully withheld from them is only equitable.' * * * Both at law and equity, interest is allowed on money due. * * *

"From the inception of the discrimination American Can was unjustly enriched, and the female employees were damaged. During the entire period American Can has had the use of the money, and therefore equity and justice require payment by way of inter-. est for its use. The interest should be allowed from the dates of the underpayment." (Citations omitted.)

*Id.* at 922.

Daisy argues strenuously that *American Can* is not controlling here because Daisy had a good faith doubt as to its obligation to pay the men and the women the same wage rates, and because the Secretary delayed in filing and prosecuting the suit.

The short answers to these arguments are that a good faith doubt was also present in *American Can*, and that employees should not be penalized for the failure of the Secretary to prosecute diligently an action. The equities here lie with the employees. See, Shultz v. Mistletoe Express Service, Inc., 434 F.2d 1267 (10th Cir. 1971); Shultz v. Parke, 413 F.2d 1364 (5th Cir. 1969); Wirtz v. Malthor, Inc., 391 F.2d 1 (9th Cir. 1968).

■ Finally, we have carefully reviewed the record and the briefs and are convinced that the trial court's findings of fact are amply supported by the evidence and that the conclusions drawn from these facts are in accordance with established law. See, Shultz v. American Can Company—Dixie Products, 424 F.2d 356, 360, n.6 (8th Cir. 1970).

The judgment of the District Court is affirmed as to all issues except for the failure to award pre-judgment interest. The case is remanded to the District Court for entry of pre-judgment interest on the award of back pay. Costs will be taxed to Daisy.