**James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**YB QUEZADA, Individually and d/b/a La Bonita Food Products, Appellee.**

No. 72-2896.

United States Court of Appeals, Ninth Circuit.

June 7, 1974.

John M. Orban, Associate Regional Sol., Jeannie J. Meyer, Donald S. Shire, Counsel for Secty. of Labor, Jacob I. Karro (argued), John K. Light, U. S. Dept. of Labor, Washington, D. C., for appellant.

Robert F. Walker (argued), of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for appellee.

Before WALLACE and SNEED, Circuit Judges, and EAST, District Judge *

OPINION

SNEED, Circuit Judge:

This action was initiated by the Secretary of Labor under Section 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, to enjoin appellee from violating the Act's overtime and bookkeeping requirements and to restrain the continued withholding of overtime compensation. The parties eventually agreed to the entry of a consent judgment directing in part that appellee pay $11,000 in settlement of amounts due for overtime. Conflicts developed, however, over the eventual disposition of the *unclaimed* portion of the settlement. The appellee argued that sums unclaimed after two years should revert back to the employer. The Secretary took the position that such sums should be deposited in the Treasury of the United States on behalf of future claimants to the settlement.

After initially accepting the Secretary's position, the District Court reversed itself and entered the following order:

In the event of Plaintiff's inability to locate any employee(s) referred to in paragraph (4) of the Stipulation for Partial Judgment or because of the refusal of any said employee(s) to accept payment of the back wages due, then within two years after entry of final judgment herein which occurred on April 19, 1972, the amount(s) shall be returned to Defendant Employer.

■ We begin by noting that the restraint embodied in Section 17 serves at least two important purposes: it serves to increase the effectiveness of the Act by depriving a violator of any gains resulting from his violation, and it protects those employers who comply with the Act from unfair competition by those who do not comply. *See* Wirtz v. Malthor, Inc., 391 F.2d 1 (9th Cir., 1968). Thus, the District Court in a Section 17 case has the authority to order that sums wrongfully withheld but unclaimed be deposited with the Treasury of the United States on behalf of future claimants. 28 U.S.C. §§ 2041, 2042. *See* Hodgson v. Wheaton Glass Co., 446 F.2d 527 (3rd Cir. 1971). While in exceptional circumstances it may be proper to permit unclaimed sums to revert to the employer, we do not believe such circumstances exist here.

■ We find nothing in the facts of this case which warrant reversion of unclaimed sums to appellee. In our view, the fact that the Secretary permits such a reversion in cases of voluntary compliance is of little assistance to appellee, whose appearance in this Court can hardly be viewed as an instance of voluntary compliance. Moreover, the availability of greater leniency in the administrative enforcement of the Act than in its judicial enforcement tends to encourage more prompt and less expensive settlement of disputes. The irrevocably offered carrot does not prompt a speedy response.

We therefore remand to the District Court for entry of an order consistent with the views expressed in this opinion.

WALLACE, Circuit Judge (dissenting):

I respectfully dissent.

Had the district judge refused to order payment for overtime due, we would properly reverse his decision. Wirtz v. Malthor, Inc., 391 F.2d 1 (9th Cir. 1968). But here, the narrow question concerns the ultimate beneficiary of unclaimed overtime funds. I am persuaded that the Secretary's plan is superior to that proposed by the employer. However, as the Secretary conceded, the district court has broad discretion in framing equitable relief. Therefore, the question is whether the plan adopted by the district court was so violative of the statutory scheme that there has been an abuse of discretion. I do not believe there has been and, therefore, I would affirm.

---

* Honorable William G. East, United States District Judge, District of Oregon, sitting by designation.