John T. DUNLOP, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

DARBOIAN ENTERPRISES, INCORPORATED, a corporation, and George Darboian, Individually, doing business as Warren-Schaefer Standard Service, and as an officer of Darboian Enterprises, Inc., Defendants.

Civ. A. No. 5–70775.

United States District Court, E. D. Michigan, S. D.

Aug. 7, 1975.

John C. Nangle, Associate Regional Solicitor, U. S. Dept. of Labor, Detroit, Mich., for plaintiff.

Michael C. Kovaleski, Warren, Mich., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND

PHILIP PRATT, District Judge.

Plaintiff, the Secretary of Labor, filed this action on April 30, 1975, charging

defendants with violations of the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, hereinafter FLSA). Specifically, plaintiff alleges that defendant has violated Sections 6 and 15(a)(2) of the Act by paying wage rates less than the minimum required by law; Sections 7 and 15(a)(2) by employing people for longer than 40 hours per week without proper compensation; and Sections 11(c) and 15(a)(5) by failing to maintain adequate records. In the prayer for relief, plaintiff essentially quotes Section 17 of the FLSA, in seeking "judgment permanently enjoining and restraining defendants . . . from violating . . . the Act, including the restraint of any withholding of payment of unpaid minimum wages and overtime compensation found by the Court to be due employees . . ." Defendant answered on May 19, 1975, and demanded a jury trial. Plaintiff now moves to strike that demand, claiming that there is no entitlement to trial by jury in an action under Section 17 of the FLSA.

■ The Seventh Amendment to the Constitution of the United States provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

F.R.C.P. 38(a) guarantees the right, as declared by the Seventh Amendment, to be "preserved to the parties inviolate." As the Supreme Court explained in *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260, 265 (1974):

> "Although the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791, it has long been settled that the right extends beyond the common-law forms of action recognized at that time. Mr. Justice Story established the basic principle in 1830:
>
> \* \* \* \* \* \*
>
> 'By *common law,* [the Framers] meant . . . not merely suits, which the *common* law recognized . . . but suits in which *legal*

rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered . . .' quoting *Parsons v. Bedford,* 3 Pet. 433, 446–447, 7 L.Ed. 732 (1830) (emphasis in original)."

Thus, the fundamental principle that the Seventh Amendment does not apply to equitable actions is firmly engrained in the law. The question at bar is whether the instant action, which seeks, inter alia, restraint on withholding of wages, is equitable in nature.

In *Curtis v. Loether, supra,* the Court, in holding that there is a right to jury trial in actions for compensatory and punitive damages under Section 812 of the Civil Rights Act of 1968, distinguished between legal and equitable rights arising from a statute:

> "A damage action under the statute (§ 812) sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. . . . More important, the relief sought here—is the traditional form of relief offered in the courts of law." (At 195–6, 94 S.Ct. at 1009, 39 L.Ed.2d at 267).

The Court, however, admonished:

> "We need not, and do not, go so far as to say that any award of monetary relief must necessarily be 'legal' relief. See, e. g., *Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960) . . ." (415 U.S. at 196, 94 S.Ct. at 1009, 39 L.Ed.2d at 267).

The Court then went on to suggest, without deciding, by reference to actions for back pay under Title VII of the Civil Rights Act of 1964, that statutory language, discretion of the trial judge, and the disgorging of funds wrongfully withheld are signposts of equitable relief.

■ The Court's discussion points to the conclusion that actions under Section 17 of the FLSA are indeed equitable.

The Court's citation of *Mitchell* is extremely noteworthy, since in *Mitchell,* the Supreme Court expressly treated the authority of the court under Section 17 as equitable. Therefore, *Curtis* indicates that a Section 17 proceeding may well be equitable, under the guidelines set forth in the opinion. Importantly, a Section 17 injunction, in permitting an employer to reimburse employees unlawfully discriminated against for wages lost because of the discrimination (*Mitchell, supra*), is akin to an action for back pay.[1] Therefore, the analysis of the *Curtis* Court is applicable, and persuasive. The statute itself is entitled "Injunction proceedings," and is framed in terms of restraining violations of the FLSA. In that sense, it is comparable to 42 U.S.C. § 2000e–5(g), which authorizes the Court to "enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate." Both statutes are clearly equitable in thrust. The award of money, if any, is "An inextricable part of the restoration to prior status . . . ." (*Harkless v. Sweeny Independent School District,* 427 F.2d 319, 324 (5th Cir. 1970); *McFerren, supra*). Moreover, the trial court has discretion as to Section 17 restraints, *Brennan v. J. M. Fields, Inc.,* 488 F.2d 443 (5th Cir. 1974); *Shultz v. Parke,* 413 F.2d 1364 (5th Cir. 1969), although the Court in *Mitchell* noted that, "the statutory purposes . . . (leave) little room for the exercise of discretion not to order reimbursement." (361 U.S. at 296, 80 S.Ct. at 337, 4 L.Ed.2d at 329). Such a rigorous standard does not, however, negative the essentially equitable or discretionary character of the section. In *Albemarle Paper Company v. Moody, supra,* the Supreme Court developed a similar test of discretion in back pay cases. Yet, in so doing, the Court questioned neither the discretionary nor equitable basis for awarding back pay. Rather, the Court sought to insure the exercise of reasoned discretion, consistent with the statute (422 U.S. at 421, 95 S.Ct. at 2373, 45 L.Ed.2d at 298). A similar conclusion is appropriate with regard to Section 17. In fact in premising its reasoning, in part, on the "historic power of equity" to award lost wages under Section 17 (422 U.S. at 416, 95 S.Ct. at 2371, 45 L.Ed.2d at 296), the *Albemarle* Court appears to reaffirm the equitable nature of the relief.

Furthermore, the purpose of Section 17 is to disgorge funds wrongfully withheld. As such, it offers restitution, which is an equitable remedy by which a defendant is made to disgorge ill-gotten gains. (5 Moore's Federal Practice, ¶ 38.-24[2]). In that vein, it should be noted that the remedy is not "the traditional form of relief offered in the courts of law." (*Curtis,* 415 U.S. at 196, 94 S.Ct. at 1009, 39 L.Ed.2d at 267). It has been repeatedly held that:

> ". . . the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." (*Wirtz v. Jones,* 340 F.2d 901, 904 (5th Cir. 1965). See also *Schultz v. Mack Farland & Sons Roofing Co., Inc.,* 413 F.2d 1296, 1302 (5th Cir. 1969); *Shultz v. Parke,* 413 F.2d 1364, 1370 (5th Cir. 1969); *Brennan v. State of Iowa,* 494 F.2d 100, 104 (8th Cir. 1974)).

Thus, although an order of the court under Section 17 may result in receipt of money by the employees, the redress is not in the nature of personal, compensatory damages. Rather, enforcement by the Secretary forecloses a private employee damage action under Section 216(b). Hence, it may fairly be said that no adequate remedy at law exists in Section 17 actions, which involves exercise of equity powers. (*Chilton v. National Cash Register Company,* 370 F.Supp. 660 (S.D.Ohio 1974).

---

1. Back pay has been held to be equitable by a number of Circuits. See *Robinson v. Lorillard Corp.,* 444 F.2d 791, 802 (4th Cir. 1971); *McFerren v. County Board of Education,* 455 F.2d 199, 202 (6th Cir. 1972). Moreover, the Supreme Court has recently treated back pay as such. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

That conclusion is in keeping with authority antedating *Curtis* which holds there is no right to a jury trial in actions under Section 17. (*Wirtz v. Jones, supra; Sullivan v. Wirtz,* 359 F.2d 426 (5th Cir. 1966), *cert. den.* 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); *Geyer Broadcasting v. Holder,* 14 Fed.Rules Serv.2d 621 (7th Cir. 1970).

Accordingly, plaintiff's motion to strike is granted.

IT IS SO ORDERED.