**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**Samuel G. SAGHATELIAN, Individually, and dba Valley Bakery, Appellee.**

No. 73–3632.

United States Court of Appeals, Ninth Circuit.

March 25, 1975.

Rehearing and Rehearing En Banc Denied May 21, 1975.

---

Sandra P. Bloom (argued), U. S. Dept. of Labor, Washington, D. C., for appellant.

J. W. Hedrick, Jr. (argued), of Lerrigo, Thuesen, Smith, Walters & Nibler, Fresno, Cal., for appellee.

## OPINION

Before BARNES, WRIGHT and TRASK, Circuit Judges.

BARNES, Circuit Judge:

The defendant-appellee is individually the owner and operator of a small bakery business known as Valley Bakery in Fresno, California.

This civil suit was brought in Federal District Court by the Secretary of Labor under Section 17 of the Fair Labor Standards Act, to enjoin defendant from violating the Act's overtime and record keeping requirements in the future, and to enjoin the continued withholding of past overtime pay.

The Fair Labor Standards Act provides a threefold plan of civil enforcement:

(1) Employees can bring an action at law for back wages due, plus damages, and attorney's fees. (§ 16(b))

(2) The Secretary of Labor can bring an action at law for back wages, provided he has written consent of employees. (§ 16(c))

(3) The Secretary of Labor can bring suit in equity for an injunction against future violations and against continued withholding of back overtime pay claimed. (§ 17)

Since no employee has demanded overtime pay or complained over the lack thereof, and since no employee has sued defendant, or asked the Government to sue on their behalf (F. 18, C.T. 219), this case falls under the third of the above mentioned provisions.

The district court granted the Secretary an injunction against defendant-appellee's future violations of the Act, but declined to exercise its equitable discretion to require defendant-appellee to

make restitution of back overtime wages.

Two issues are presented for our review. First, whether the district court improperly denied the Secretary the restitutionary injunction; and second, if so, whether the district court's finding of lack of willfulness was erroneous, so that a three-year statute of limitations applied rather than the two-year limit?

■ The equities supporting the district court's conclusion that it "should exercise its discretion in the denial of a restitutionary injunction" (C.T. 221) are:

1. The employer and employees mutually understood that the employees would be paid for overtime at their straight time rate. Defendant was paying wages higher than his competitors in the specialty bakery business.[1]

2. No employees ever took action to recover back overtime wages.

3. Defendant is in current compliance with the Act.

4. The employer and employees did not believe they were under the Fair Labor Standards Act.

5. Defendant was not willful in his violations of the Act.

6. If defendant were forced to pay from $12,000 to $14,500 in back overtime wages, his business would be seriously disadvantaged and would perhaps be in danger of closing because his plant is old and in need of modernization, his competitors do not pay the higher union wage scale he does, and his operation is relatively small—there are only 32 employees.

7. Defendant is under the care of a psychiatrist, and any additional stress might cause an emotional breakdown and endanger the continued existence of the business.[2]

8. The granting of a restitutionary injunction which might jeopardize defendant's business (see points 6 and 7 *supra* ) would also thereby jeopardize the jobs of the employees whose rights the Secretary is ostensibly (although without their consent) attempting to protect. (*See* C.T. 218–20).

While initially we are faced with the question of whether, on the facts of this case, the conclusions expressed in Wirtz v. Malthor, Inc., 391 F.2d 1 (9th Cir. 1968)[3] and Wirtz v. Wershow Co., 416 F.2d 1071, 1072 (9th Cir. 1969)[4] are controlling, the real issue is whether the

---

1. No employee objected to his 48-hour work week, for defendant paid at the rate of $4.00 an hour, or $192.00 per week total. Defendant-appellee thought he could remedy his violation by paying $3.69 an hour for 40 hours per week, plus $5.55 per week for eight hours overtime, or $192.00 per week total. Now, while such a reallotment is, under the case law, no defense where there has been no specific overtime designation, we feel that where, as here, the employees understand that their overtime is being compensated for in a greater overall rate, it is an equitable consideration of which the court may take account.

2. The appellee is not well, being treated by a psychiatrist for confusion, loss of memory, lack of concentration, etc. Treatment has included both electroconvulsive shock and chemical drugs such as Dilantin (an anti-convulsant), Sparine (a tranquilizer), Librium and Sodium Amital. Physically appellee also suffers from hypertension, coronary insufficiency, diabetes mellitus and asthma. The trial judge found that his heavy medication to control anxiety and stress has created a condition such that any additional stress could cause an emotional breakdown of appellee, and endanger the continued existence of the employer's business. (F. 22, C.T. 219).

3. In Wirtz v. Malthor, Inc., the factors inducing the trial court not to order payment of back wages and overtime were:
   (a) the defendant had acted in good faith;
   (b) the interstate commerce was relatively minor, though legally substantial;
   (c) the defendant's actions were not willful;
   (d) the public interest was well enough protected by the injunction granted against future violations.
   We held these reasons were inadequate, i. e., that good faith, lack of willfulness, the small size of the business, or the possible hardship because of the amount involved, did not permit the defendant to avoid the payment of back overtime pay. Hence, we reversed the trial court.

4. In Wirtz v. Wershow Co., the only factor inducing the trial court to dismiss the action was that the defendant therein was at the time of trial in full compliance with the provisions of the Fair Labor Standards Act. We held that reason inadequate.

Congressional intent in setting up one of the remedies for violation of the Act by granting relief through an action in equity, eliminated any and *all* discretion in the trial judge, or whether some substantial amount of discretion still exists in the trial judge.

■■ At oral argument of this case, each side agreed there still existed, under case law, *some* discretion in the trial court. The issue is whether that is miniscule, as the Government asserts,[5] or recognizable, if not substantial, as the appellee asserts.[6] While the holdings of *Malthor* and *Wershow* and the Congressional purposes behind § 17 considerably circumscribe the court's discretion, we cannot conclude that they force a court of equity to use its equitable powers to make an inequitable decree.

Appellee cites the Fifth Circuit case of Mitchell v. Bland, 241 F.2d 808 (1957) which quotes from Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944):

> "We are dealing here with the requirements of equity practice with a background of several hundred years of history. . . . The historic injunctive process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims. . . . " [321 U.S. at page 329, 64 S.Ct. at page 591]

The Fifth Circuit then said:

> "The District Judge, having the long term responsibility for the enforce-

ment of this law . . . and being acquainted with local conditions and having observed appellant and the government agents as the contest before him unfolded, was in better position than we are to assess and solve this problem. We are not willing to set aside the discretion employed by him in fashioning his decree to serve the interest of litigants and the public." (241 F.2d at 811)

*On the facts of this case,* we hold the trial judge did not abuse his equitable discretion. In so holding, we do not reach appellant's second issue.

Affirmed.

---

**5.** See Shultz v. Parke, 413 F.2d 1364 (5th Cir. 1969).

**6.** See Shultz v. Misteltoe Express Service, Inc., 434 F.2d 1267 (10th Cir. 1970) ("The Fifth and Ninth Circuit have rejected the defense of good faith in actions for restitution injunctions under § 17. [Citations omitted]. We agree

with those decisions. By so doing we do not wish to be understood as holding that under § 17 a restitution injunction is mandatory in all cases. We believe that its grant or denial is dependent upon equitable considerations." (*Id.* at 1272–73)). *See also:* Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002 (9th Cir. 1972).