John T. DUNLOP, Secretary of Labor, United States Department of Labor, Appellant,

v.

Samuel G. SAGHATELIAN, Individually and d/b/a Valley Bakery, Appellee.

No. 73–3632.

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1975.

Sandra P. Bloom (argued), U. S. Dept. of Labor, Washington, D. C., for appellant.

J. W. Hedrick, Jr. (argued), U. S. Dept. of Labor, Washington, D. C., for appellee.

## OPINION

On Denial of Motion for Reconsideration

Before BARNES, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Appellants have submitted a motion to this court for reconsideration of our decision denying rehearing en banc in the instant case, in light of the recent Supreme Court decision in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The *Albemarle* case deals in part with the extent of the court's discretion in refusing to issue a restitutionary injunction under Title VII for past racially discriminatory employment practices. We do not view our original opinion in the instant case (reported at 514 F.2d 619, 9 Cir.) as inconsistent with the principles enunciated by the court in *Albemarle*.

The Supreme Court in *Albemarle* clearly indicates that the courts do retain *some* discretion concerning the issuance of restitutionary injunctions:

"backpay is not an automatic or mandatory remedy; like all other remedies under the Act, it is one which the courts 'may' invoke. The scheme implicitly recognizes that there may be cases calling for one remedy but not another, and—owing to the structure of the federal judiciary—these choices are of course left in the first instance to the district courts. But such discretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' *United States v. Burr*, 25 Fed.Cas. [No. 14,692d. pp.] 30, 35 (Marshall, C. J.)." 422 U.S. at 415, 95 S.Ct. at 2370.

This equitable discretion is limited by the requirement that the "court must exercise this power 'in light of the large objectives of the Act'." (*Id.*):

"It is true that '[e]quity eschews mechanical rules . . . [and] depends on flexibility.' *Holmberg v. Armbrecht*, 327 U.S. 392, 396 [66 S.Ct. 582, 584, 90 L.Ed. 743]. But when Congress invokes the Chancellor's conscience to further transcendent legislative purposes, what is required is the principled application of standards consistent with those purposes and not 'equity [which] varies like the Chancellor's foot.'

\* \* \* \* \* \*

It follows that, given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination. The courts of appeals must maintain a consistent and principled application of the backpay provision, consonant with the twin statutory objectives, while at the same time recognizing that the trial court will often have the keener appreciation of those facts and circum-

stances peculiar to particular cases." (*Id.* at 417, 95 S.Ct. at 2371).

We have no dispute with the holding in *Albemarle* that "The District Court's decision must . . . be measured against the purposes which inform [the Statute]." Analogizing from *Albemarle* to the instant case, we recognize that the prophylactic objective of § 17 of the Fair Labor Standards Act is primary, and that the backpay prospect is the effective "spur" to compliance with the substantive requirements of both the Fair Labor Standards Act and the Civil Rights Act of 1964. But one does not "spur" a horse until he dies.

We do not view the district court's denial of the restitutionary injunction in the instant case as establishing a precedent which is inconsistent with or likely to "frustrate the central statutory purposes" of the Fair Labor Standards Act. (*See Wirtz v. Malthor, Inc.*, 391 F.2d 1 at 3 (9th Cir. 1968); for an enumeration of § 17's legislative purposes.) In the instant case, the purposes of § 17 may all be met without the need of decreeing a restitutionary injunction. This case posed no danger of appellee gaining a competitive cost advantage over other bakers by "exploiting" his employees since he was already paying a higher wage than his competitors. As concerns the statutory purpose of increasing the effectiveness of the Act by depriving the violator of his ill-gotten gains, we note the same "incentive-spur" principle applied in *Albemarle* wherein the court held:

"where a legal injury is of an economic character, '[t]he general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury. The latter is the standard by which the former is to be measured. The injured party is to be placed as near as may be, in the situation he would have occupied if the wrong had not been committed.' *Wicker v. Hoppock*, 6 Wall. 94, at 99 [74 U.S. 94, 18 L.Ed. 752]." (*Id.* at 418, 95 S.Ct. at 2372.)

We think this has been accomplished. The appellee in this case had no gains accruing to him through his violation. He paid the same amount to his employees both before and after the Government stepped in—but designated them by different names.

If there is any equitable discretion left in the United States District Court and the Court of Appeals, this is the type of case where it must be exercised within the considered judgment of their Judges.

The "Motion for Reconsideration of Denial of Rehearing En Banc" is denied.