### PARADISE VALLEY INVESTIGATION AND PATROL SERVICES, INC., a corporation, Petitioner,

v.

### UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA, Respondent,

John T. DUNLOP, Secretary of Labor, United States Department of Labor, Real Party in Interest.

No. 75–1584.

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1975.

Louis G. Jekel (argued), Scottsdale, Ariz., for petitioner.

Ann Galzani, Atty. (argued), U.S. Dept. of Labor, Washington, D. C., for respondent.

Before KILKENNY, CHOY, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Paradise Valley Investigation and Patrol Services, Inc., an employer defending an action brought by the Secretary of Labor, seeks by way of mandamus in this court to compel the district court to grant a trial by jury. The writ is denied.

The Secretary of Labor is proceeding against Paradise Valley under § 17 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 217.[1] The Secretary seeks to enjoin noncompliance with the overtime pay provisions of 29 U.S.C. § 207. Specifically, the Secretary prays for mandatory relief compelling Paradise to (1) disgorge illegally withheld overtime wages,

---

1. 29 U.S.C. § 217. Injunction proceedings:

"The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title) * * *."

and (2) refrain from violating the Act's overtime provisions in the future.

In the district court, Paradise made a timely demand for a jury trial. The Secretary, asserting that the action was wholly equitable, moved successfully to strike the jury demand.

Paradise asserts that the back-pay demand is an action at law, and, consequently, that a jury is required under the Seventh Amendment to the United States Constitution.

In *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965), the Fifth Circuit held that the Secretary's § 17 action to enjoin future overtime violations and to compel employers to disburse illegally-held back pay was equitable, and denied the employers a jury trial on the back-pay issue. The purpose of § 17's injunction restraining the withholding of back wages "is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest * * *." 340 F.2d at 904.

This circuit has recognized that § 17's back-pay remedy is intended "to vindicate a public, rather than a private, right, and that the withholding of money due is considered a 'continuing public offense.' *Wirtz v. Jones,* * * *." *Wirtz v. Malthor*, 391 F.2d 1, 3 (9th Cir. 1968). *See also Brennan v. Saghatelian*, 514 F.2d 619 (9th Cir. 1975). In *Saghatelian*, the Secretary sought, *inter alia*, to enjoin the continued withholding of previously earned overtime pay. The court labeled § 17's back-pay remedy a "restitutionary injunction", 514 F.2d at 621, and stated that Congress provided this relief "through an action in equity". 514 F.2d at 622. *Cf. Mitchell v. DeMario Jewelry*, 361 U.S. 288, 290–292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); *Albemarle Paper v. Moody*, 422 U.S. 405 at 415–418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

In an action at law for back wages under § 16 of the Act, there is a traditional array of parties and issues. The unpaid workman is demanding a money judgment, and a jury is furnished upon request as a matter of course. *See Wirtz v. Jones*, 340 F.2d at 904. In some situations, the workman may be perfectly happy with the existing arrangement and may refuse to sue for back pay. The congressional policy behind the Act would be frustrated unless the public official charged with its enforcement could seek equitable relief.

We agree with the Fifth Circuit that a § 17 case is essentially a suit in equity and not an action at law within the meaning of the Seventh Amendment. Neither *Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), nor *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), requires a different result.

The petition is dismissed.