Ray MARSHALL, Secretary of Labor,
Plaintiff-Appellee,

v.

The VALHALLA INN, a corporation,
Defendant-Appellant.

No. 76–3626.

United States Court of Appeals,
Ninth Circuit.

Jan. 25, 1979.

James F. Scott (argued), Stockton, Cal.,
for defendant-appellant.

Heidi D. Miller (argued), Dept. of Labor, Carin Ann Clauss, Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before BROWNING and HUG, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

The Secretary of Labor brought this action under § 17 of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the Act), to enjoin the Valhalla Inn from violating the overtime requirements of the Act and to restrain the withholding of overtime wages found to be due Valhalla's employees. The district court held that, by virtue of partial exemptions granted restaurants and food service establishments in §§ 13(b)(8)(A) and 13(b)(18), appellant was obligated to pay the prescribed overtime rates for hours worked in excess of 48 hours per week.[1] The Valhalla Inn appeals from that decision.

Appellant operates a restaurant in Sausalito, California. Its employees were paid at specified hourly rates, without premium for overtime. In addition, employees were provided with a free meal during each eight-hour shift, which for tax purposes was valued at $1.00 per meal. The employees were allowed a thirty-minute meal period, during which period they were paid at the regular hourly rate. Prior to May 1, 1974, restaurant employees were exempted from the overtime requirements of the Act. Effective that date, provisions of § 13 were amended to require that restaurant and food service employees be paid overtime rates for hours worked in excess of 48 hours per week. Appellant was unaware of the changes in the overtime provisions for restaurant employees until a representative of the Department of Labor inspected its operation in March, 1975. The district court restrained the withholding of payment of $944.10 in overtime wages due 13 employees.

Appellant contends that under the provisions of the Act the district court is without jurisdiction to award back wages for the violations in question. In the alternative appellant contends that the amounts found due by the trial court were calculated improperly, and that as a matter of equitable discretion it should not have been required to pay the back wages due. We affirm the order of the district court.

Section 7(a) of the Act requires that an employee be paid at a rate of not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours a week. Section 13(b) lists the following exemptions to this provision:

The provisions of section 7 shall not apply to—

(8)(A) any employee, (other than an employee of a hotel or motel who performs maid or custodial services) who is employed by an establishment which is a hotel, motel, or restaurant and who receives compensation for employment in excess of forty-eight hours in any workweek at a rate not less than one and one-half times the regular rate at which he is employed;

(18) any employee of a retail or service establishment who is employed primarily in connection with the preparation or offering of food or beverages for human consumption, either on the premises, or by such services as catering, banquet, box lunch, or curb or counter service, to the public, to employees, or to members or guests of members of clubs and who receives compensation for employment in excess of forty-eight hours in any workweek at a rate not less than one and

---

* Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation.

1. The appellee agreed not to insist upon an injunction in light of the circumstances of the case and the fact that appellant is now in compliance with the provisions of the Act.

one-half times the regular rate at which he is employed.[2]

Section 15(a) makes it unlawful for any person to violate § 7 of the Act, and § 17 authorizes the restraint of the withholding of overtime compensation found to be due by the court. Appellant argues that, since §§ 15(a) and 17 make no mention of § 13, it is not within the jurisdiction of the court to restrain the withholding of back wages due its employees.

█ Appellant's argument is without merit. The clear intent of Congress, as expressed in the 1974 amendments to the Act, was to bring restaurant employees under the overtime provisions of the Act, subject to the regular enforcement procedures. See H.R.Rept. 93–913, Reprinted in U.S. Code Cong. & Admin.News [1974], pp. 2811, 2855. Appellant has been found to be in violation of the overtime provisions of § 7 of the Act. Exemptions in § 13 may act to partially excuse appellant from the requirements of § 7; to the extent that appellant is not exempted from liability by § 13, it remains in violation of § 7.

█ The amount of back pay due in this case was properly determined by the district court.[3] The court held that the thirty-minute meal periods, during which employees were relieved of duty, were not to be counted as hours worked for the purposes of computing overtime due. The court further held that wages paid during the noncompensable meal periods and the reasonable value of the meals were to be included in computing the regular rate of pay. These conclusions are in line with § 7(e) of the Act.[4]

█ The regular remuneration of each employee consisted of the wages received for the normal eight-hour work day, plus the value of the meal provided each employee. This total was then divided by the seven and one-half hours actually worked during a regular day to arrive at the hourly wage paid each employee. The fact that the appellant gratuitously paid its employees for noncompensable meal periods does not vitiate the finding that this payment constituted remuneration regularly received for employment. The amount of such payments must therefore be included in determining the overtime rate.

█ Finally, appellant contends that restraining the withholding of overtime wages found to be due in this case constitutes an abuse of equitable discretion, citing *Brennan v. Saghatelian*, 514 F.2d 619 (9th Cir. 1975). In *Saghatelian* this court upheld the decision of the district court, which in its discretion determined that it would not grant a restitutionary injunction. The equities of *Saghatelian* fully supported the decision of the trial judge, yet even then this court took great care to limit its holding to the facts of that case. There are no equitable considerations present in this case that would require a denial of the restitutionary injunction.

AFFIRMED.

█

---

**2.** The 1974 amendments contained additional language which acted to reduce the 48-hour workweek in subsection (8)(A) to its current level of 44 hours, and to repeal subsection (18). The 48-hour workweek was in force at the time in question in this suit.

**3.** The appellee argued at trial that appellant lost the benefit of the partial exemption granted to the restaurant industry by appellant's failure to pay the required overtime wages. This argument was rejected by the court, which held that the intent of Congress was to set a definite and inflexible 48-hour workweek for restaurant employees.

**4.** Section 7(e) provides:

As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee . . . .