**TORRES et al. v. AMERICAN R. CO. OF PORTO RICO.**

No. 4122.

Circuit Court of Appeals, First Circuit.

July 24, 1946.

Writ of Certiorari Denied Nov. 18, 1946.

See 67 S.Ct. 204.

V. Gutierrez Franqui, of San Juan, P. R. (L. E. Dubon and E. Ramos Antonini, both of San Juan, P. R., on the brief), for appellants.

Henri Brown, of San Juan, P. R. (Enrique Cordova Diaz, of San Juan, P. R., on the brief), for appellee.

Before EDGERTON (by special assignment), MAHONEY and WOODBURY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee railroad paid its employees wages which were less than they were entitled to under the Fair Labor Standards Act of 1938, §§ 6, 7, 29 U.S.C.A. §§ 206, 207. Appellee afterwards paid them somewhat less than half of the balance due and, on the theory that appellee could pay no more, the employees executed releases in full. A large number of employees, the present appellants, afterwards brought this suit to recover the amounts which still remained unpaid. The court found that appellee had paid all it could pay "and thereafter continue operations or avoid insolvency". The court concluded that the release agreements were valid and that the appellants were not entitled to recover.

We think the court erred. Whether enforcement of the statutory rights of appellants will benefit or injure them, their employer, or the community is legally immaterial. The case is governed by Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 and D. A. Schulte, Inc., v. Salvatore Gangi, 66 S.Ct. 925. The Brooklyn case decides that, in the absence of a bona fide dispute between the parties, an agreement to accept less than the full amount due under the Act, including liquidated damages, is invalid. It does not appear that there was any dispute between the parties to the present suit when the releases were executed. The Schulte case decides that even the existence of a dispute regarding coverage does not validate an agreement to accept less than the full statutory amount. The existence in the present case of a question of policy cannot have a greater effect. The Act does not exempt employers who are in financial difficulties.

" 'While in individual cases, hardship may result, the restriction will enure to the benefit of the general class of employees in whose interest the law is passed, and so to that of the community at large.' " Brooklyn Savings Bank v. O'Neil, supra, 324 U.S. at page 713, 65 S.Ct. 905, 89 L.Ed. 1296.

Fort Smith & Western Railroad Co. v. Mills, 253 U.S. 206, 40 S.Ct. 526, 64 L. Ed. 862, on which appellee relies, is not in point. In that case, which arose under the Adamson Law, 39 Stat. 721, 45 U.S. C.A. §§ 65, 66, the question was not whether employees could require their employer to comply with the law but whether the District Attorney could require the receiver of a railroad to comply with the law when the receiver and the employees were agreed in wishing to disregard it.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.