W. Willard WIRTZ, Secretary of Labor,
etc., Appellant,

v.

SAN FRANCISCO AND OAKLAND
HELICOPTER AIRLINES, INC.,
a Corp., Appellee.

No. 20815.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1966.

Rehearing Denied Jan. 24, 1967.

Charles Donahue, Sol., Dept. of Labor, Bessie Margolin, Asst. Sol., Robert E. Nagle, Carin A. Clauss, Attys., Washington, D. C., Altero D'Agostini, Reg. Atty., Dept. of Labor, San Francisco, Cal., for appellant.

Edwin S. Pillsbury, Kenneth C. Nagel, David M. Atcheson of Pillsbury, Nagel & Atcheson, San Francisco, Cal., for appellee.

Before HAMLIN, JERTBERG and DUNIWAY, Circuit Judges:

PER CURIAM:

In this action the sole question presented is whether one Richardson and certain persons employed by him to perform janitorial and porter services at two of appellee's heliports were employees of appellee within the meaning of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.). The trial court, in a detailed opinion and in formal findings, found that Richardson was an independent contractor and that he and his employees were not employees of appellee. We are unable to say that the findings are clearly erroneous. We think that the court correctly applied the principle stated by the Supreme Court in Walling v. Portland Terminal Co., 1946, 330 U.S. 148, 152, 67 S.Ct. 639, 641, 91 L.Ed. 809.

"The definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another."

Affirmed.