James D. HODGSON, Secretary of Labor,
United States Department of Labor,
Appellant,

v.

Benton TAYLOR, Appellee.

No. 20500.

United States Court of Appeals,
Eighth Circuit.

March 30, 1971.

Peter G. Nash, Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., Bessie Margolin, Associate Sol., Carin Ann Clauss, Donald S. Shire, and Leroy M. Jahn, Attys., Washington, D. C., and Beverley R. Worrell, Regional Sol., Atlanta, Ga., filed brief for appellant.

No brief was filed by counsel for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

PER CURIAM.

This is an appeal by the Secretary of Labor who seeks further relief under

the Fair Labor Standards Act, 29 U.S. C.A. § 201, et seq., from the appellee, Benton Taylor, doing business as Taylor Grain Company in Arkadelphia, Arkansas, and as Taylor Gin Company in Sparkman, Arkansas. The District Court found these companies to be enterprises within the meaning of §§ 3(r) and 3(s) of the Act, 29 U.S.C.A. §§ 203(r) and (s). It ruled that Taylor Grain had been in compliance with the Act since February 1, 1968, but that the use of two of its regular employees to load soybeans on rail cars at night was not covered by the Act since the court had held that when the men worked at night they were independent contractors. It held, however, that the operation at Arkadelphia had not been in compliance with the Act during January 1968. While some employees of Taylor Gin at Sparkman were exempt from the Act, the District Court ruled that the company was in default of the minimum wage and overtime provisions of the Act. The court restrained the appellee from any further violations of the FLSA as to either wages and hours or record keeping but due to the "difficulties" of the appellee and in the "interest of justice" the District Court ruled that appellee need not make restitution to the employees whose wages had been deficient under the Act.

The Secretary asks that we set aside (1) the District Court's ruling that the two nighttime boxcar loaders at Taylor Grain were "independent contractors" and (2) the court's ruling that the appellee need not satisfy the wage deficiencies.[1] We agree with the Secretary and for the reasons stated below reverse these aspects of the District Court's order.

The Taylor Grain Company at Arkadelphia sells feed, seed, fertilizer and related products. There is also a grain elevator and a feed mill at the site. The company acts as the authorized agent of the Arkansas Grain Cooperative. Ar-

kansas Grain pays appellee a commission for receiving soybeans at the grain elevator on its behalf. The beans are loaded onto railroad cars for shipment from the elevator. The receiving of the beans and the loading operation into the boxcars are done in the same general area so that one operation will prevent any work on the other. Yet boxcars must be regularly loaded in order to provide room in the elevator for incoming loads of soybeans.

During 1968 the soybean crop was particularly heavy and the two regular employees assigned to the elevator would receive soybeans all day long. During this time they would be paid their regular weekly salary. In order to allow further loads of soybeans to be received the next day these men agreed to work at night and load boxcars for five dollars a car whenever the cars became available. During 1969 the soybean crop was appreciably smaller and the men could perform both tasks, receiving and loading, during the day. They then received no additional compensation for loading the boxcars. In both years when either the weather or the crowded storage facilities prevented the receipt of any more beans, these two men would work elsewhere in the Taylor Grain operation as they would normally do after the soybean season.

The District Court ruled that when the men loaded the cars during the nighttime they were independent contractors who were not subject to the provisions of the Act. This conclusion is clearly erroneous and must be set aside, whatever standard of review is applied to the District Court's findings. Compare Wirtz v. San Francisco & Oakland Helicopter Airlines, Inc., 9 Cir., 1966, 370 F.2d 328, and Mitchell v. Strickland Transportation Co., 5 Cir., 1955, 228 F.2d 124, 126, with Schultz v. Hinojosa, 5 Cir., 1970, 432 F.2d 259, 264. In reviewing the District Court's holding we must focus on the purposes

---

1. With the consent of this court appellee did not file a brief nor argue his case in response to the Secretary's requests.

of the Act, Wirtz v. B. B. Saxon Company, 5 Cir., 1966, 365 F.2d 457, 463, which on this record compel us to decide that both during the night and the day the boxcar loaders were employees under the Act.

■ The definition of employee under the Act is very broad and comprehensive. United States v. Rosenwasser, 1945, 323 U.S. 360, 362 and n. 3, 65 S. Ct. 295, 89 L.Ed. 301. Here the two employees performed tasks which were an integral part of the integrated business operations of appellee. Rutherford Food Corp. v. McComb, 1947, 331 U.S. 722, 729, 67 S.Ct. 1473, 91 L.Ed. 1772; Tobin v. Anthony-Williams Mfg. Co., 8 Cir., 1952, 196 F.2d 547. The loading of the cars was the typical responsibility of employees and labeling them as independent contractors does not affect this job status, Rutherford Food, supra, 331 U.S. at 729, 67 S.Ct. 1473, for the dispositive questions under the Act are those of economic reality. Schultz v. Hinojosa, supra, 432 F.2d at 264. Here there is no question but that the two men acted in the course of the normal business routine of the appellee and that they did not bring to their work, nor did appellee require, those attributes of special skill and initiative which characterize the independent contractor. Schultz v. Hinojosa, supra, 432 F.2d at 264–265. The men loaded the cars at night for the employer's convenience, on its premises, and at its direction. The same identical work was done during the day when the company's routine was facilitated by such action and the men were paid nothing in addition to their regular wages. We reverse the District Court and hold that the men were employees and as such are entitled to the full protection of the Act.

■■ The second issue presented is the propriety of the denial by the trial court of an injunction prohibiting the employer from withholding unpaid back wages. Whether or not the injunction is considered mandatory where wages are proven to be due or whether the trial judge retains some amount of discretion as to the issuance of an injunction, see Schultz v. Parke, 5 Cir., 1969, 413 F.2d 1364; Wirtz v. Harper Buffing Machine Co., D.Conn., 1968, 280 F.Supp. 376, aff'd per curiam 18 WH Cases 894 (2nd Cir., 1968, not otherwise reported); and Wirtz v. Fortuna Broom Co., S.D.Tex., 1966, 17 WH Cases 293, 296 (not otherwise reported), aff'd 5 Cir., 1967, 379 F.2d 327, we feel that the circumstances presented here require the issuance of an appropriate restraining order. Neither the size of a business nor the possible financial hardship to a business is grounds for refusing to issue the decree which is meant to vindicate public as well as private rights and to deter those wrongs which affect the public in interstate commerce. Wirtz v. Malthor, Inc., 9 Cir., 1968, 391 F.2d 1; Wirtz v. Flame Coal Co., 6 Cir., 1963, 321 F.2d 558, 561. "The Act does not exempt employers who are in financial difficulties." Torres v. American R. Co. of Porto Rico, 1 Cir., 1946, 157 F.2d 255, 256, cert. denied sub. nom. American R. Co. of Puerto Rico v. Romero, 1946, 329 U.S. 782, 67 S.Ct. 204, 91 L.Ed. 671. While such difficulties are possibly a defense in extremely unusual circumstances to a civil contempt action for failure to pay the back wages, see Hodgson v. Hotard, 5 Cir., 436 F.2d 1110 (January 11, 1971), the financial hardship caused by the order is not a valid basis on which to deny the employees their remedy or to allow a wrong against the public to go uncorrected. Schultz v. Mack Farland & Sons Roofing Co., 5 Cir., 1969, 413 F.2d 1296, 1302. An appropriate injunction should issue.

Reversed in part and remanded for action consistent herewith.