Ray MARSHALL, Secretary of Labor,
United States Department of
Labor, Appellant,

v.

LANE PROCESSING, INC., Appellee.*

No. 79–1362.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 7, 1979.

Decided Dec. 5, 1979.

Douglas J. Davidson, U. S. Dept. of Labor, Washington, D. C., for appellant; Carin Ann Clauss, Sol. of Labor, Ronald G. Whiting, Associate Sol., Paul E. Myerson, Attys., Washington, D. C., on brief.

C. Cary Patterson, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for appellee.

Before LAY, BRIGHT and McMILLIAN, Circuit Judges.

LAY, Circuit Judge.

The Secretary of Labor appeals from the denial of injunctive relief sought under section 17 of the Fair Labor Standards Act, 29 U.S.C. § 217. The Secretary sought to en-

---

\* *Editor's Note:* The opinion of the United States Court of Appeals, Fifth Circuit in *Kemph v. Estelle,* published in the advance sheets at this citation (606 F.2d 518) was withdrawn from the bound volume at the request of the court.

join the defendant Lane Processing, Inc. from further violations of the child labor provision of the Act. 29 U.S.C. §§ 212(c), 215(a)(4). The original complaint alleged that the defendant had employed "oppressive child labor" in violation of the Act since June 28, 1974, by employing persons under 16 years of age.[1] We reverse and vacate the judgment of the district court with directions to grant the injunctive relief.

Lane Processing, Inc. is engaged in chicken processing operations in Grannis, Arkansas and Broken Bow, Oklahoma.[2] It is conceded that the defendant falls within the purview of the Act. Defendant has a long history of violations of the Act. As far back as 1968, defendant was employing minors in its Grannis plant. In 1973 a compliance officer discovered six minors employed in violation of the Act. Defendant was warned about the violations at that time and it promised future compliance. Again in May of 1975 defendant was investigated and 13 to 16 employees were found to be minors. Again defendant was warned and it promised future compliance. A follow-up investigation in October of 1975 revealed that approximately 51 minors had been employed in violation of the Act including the 13 to 16 previously discovered. Three minors had been employed subsequent to the May 1975 warning and promise of future compliance. Again the violations were explained by a compliance officer, and the defendant again promised future compliance. A final review of the Grannis plant in 1977 disclosed that two minors had been illegally employed since the last review.

A similar series of repetitive violations was found at the Broken Bow plant. A review in November of 1974 disclosed that 137 minors had been employed in violation of the Act during 1973–1974. The violations were explained to defendant but with few results. An investigation in October of 1975 revealed that 50 minors had been illegally employed subsequent to the meeting with defendant the previous year. Again

the violations were discussed and once more defendant promised future compliance. A final investigation of the Broken Bow plant disclosed 23 minors who had been employed in violation of the Act subsequent to the defendant's 1975 promise of compliance. Eight of the 23 minors had been illegally employed during a previous investigation. Defendant had been notified at the time of the earlier investigation that these 8 minors were illegally employed.

The district court in determining whether to enjoin an employer from further violation of the Act must exercise its discretion to accomplish the Act's objective of abolishing oppressive child labor. *See Brennan v. Correa*, 513 F.2d 161, 163 (8th Cir. 1975). The employer's previous noncompliance is a fundamental criterion in making such determination. In the present case, the Secretary, after repeated assurances of compliance received from defendant and violations of the same, has determined that there exists no reasonable belief that future violations of the Act will not occur. *Brennan v. Correa*, 513 F.2d 161, 163 (8th Cir. 1975); *Goldberg v. Kickapoo Prairie Broadcasting Co.*, 288 F.2d 778, 782 (8th Cir. 1961); *Tobin v. Anthony-Williams Mfg. Co.*, 196 F.2d 547, 551 (8th Cir. 1952); *Lenroot v. Interstate Bakeries Corp.*, 146 F.2d 325, 327 (8th Cir. 1945).

Counsel for defendant has assured the district court and this court that there is not now and there will be no further violations. We think the record belies such assurances. The record demonstrates that 15 minors have been illegally employed by defendant subsequent to the filing of the complaint in June of 1976. Even though there exists present compliance, an injunction should issue unless the court can be soundly convinced that there is no reasonable probability of a reoccurrence of the acts. *McComb v. Wyandotte Furniture Co.*, 169 F.2d 766, 770 (8th Cir. 1948). It is obvious from the record in the present case that compliance comes about only through legal compulsion. The record speaks for itself.

1. "Oppressive child labor" is defined by 29 U.S.C. § 203(*l*) to mean "a condition of employment under which (1) any employee under the age of sixteen years is employed by an employer . . . in an occupation, . . ."

2. Pursuant to authority granted in Section 3(*l*) of the Act, the Secretary of Labor has determined that minors between the ages of 14 and 16 years may be employed in certain occupa-

tions. Their employment must be confined to the periods specified in the regulations, 29 C.F.R. § 570.35(a), which were found not to interfere with their schooling or with their health and well-being. 29 C.F.R. § 570.31. While some occupations are exempt from the prohibition against the employment of "oppressive child labor," it is clear that "processing" is not among them. 29 C.F.R. § 570.33(a).

Defendant has manifested a total indifference to compliance with the Act. Under the circumstances, we deem it an abuse of discretion for the district court to have failed to issue an injunction.

■ Defendant urged upon the district court, and with some degree of success, that an injunction will damage its public image and create financial hardship by making it difficult to obtain loans. These are not factors to be weighed in considering whether injunctive relief should issue. *Hodgson v. Taylor*, 439 F.2d 288, 290 (8th Cir. 1971). The fundamental issue is whether the injunction will carry out the Act's objective of abolishing "oppressive child labor."

Furthermore, we fail to see that injunctive relief will bring about the punitive measures defendant claims. An injunction under the Act merely orders the employer to do what the law requires him to do. Issuance of an injunction vel non requires a court to take into consideration the past record of administrative enforcement and whether constant policing by administrative authority has been successful. In the present case, it has not. The injunction should issue.

Judgment is vacated and the case is remanded to the district court with directions to issue injunctive relief in accordance with the Secretary of Labor's prayer for relief.