Ray MARSHALL, Secretary of Labor, United States Department of Labor, Appellant,

v.

I. L. VAN MATRE, an individual, doing business as Kee Products, Appellee.

No. 79–1546.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1980.

Decided Nov. 25, 1980.

---

Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Mary–Helen Mautner, Claire B. White, argued, Attys., U. S. Dept. of Labor, Washington, D. C., James E. White, Regional Sol., Dallas, Tex., for appellant.

P. H. Hardin, argued, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and BECKER,* Senior District Judge.

PER CURIAM.

The Secretary of Labor appeals from a judgment entered in the district court for the Western District of Arkansas denying injunctive relief under § 17 of the Fair Labor Standards Act (hereinafter the Act), 29 U.S.C. § 217. The Secretary sought to enjoin I. L. Van Matre, doing business as Kee Products, from further violations of the minimum wages, recordkeeping and overtime compensation provisions of the Act, 29 U.S.C. §§ 206(a), 207(a), 211(c), and from withholding unpaid wages due to certain employees. For the reasons discussed below, we reverse the judgment of the dis-

---

* The Honorable William H. Becker, United States Senior District Judge for the Western District of Missouri, sitting by designation.

trict court and remand with directions to grant injunctive relief and to award back wages.

The employer produces and markets certain craft items, including artificial "fur" flowers and flower arrangements, in Alma, Arkansas. The artificial flowers are made by individuals working at home. The employees receive three to four hours of instruction and a sample kit of materials manufactured and supplied by the employer. If the employee completes the sample kit of artificial flowers according to the employer's specifications, the employee receives a full kit to assemble. The employer provides all the materials necessary to make the flowers; the employee exercises little or no artistic discretion. Upon completion, the employee returns the kit to the employer. If the flowers meet the quality standards of the employer, the employee is paid $30 per kit. The employees are not paid if the flowers are unacceptable. The flowers are used in flower arrangements and sold in stores in nineteen states.

The employer maintained records which indicated the name of the employee, the number of kits issued and returned by that employee, the amount paid, and the date of each transaction. The employer maintains no record of the hours worked by each employee. Van Matre testified that hourly employment records would be impossible to keep because he would have to rely upon the employees' reporting of the number of hours worked.

According to eleven employees who testified in support of the Secretary, the average time required to complete a full kit was approximately eighteen hours. Several employees testified that it would be possible to keep track of the hours spent working on the kits and they had done so on occasion. Two witnesses testified on behalf of the employer and estimated that approximately thirteen and a half hours were required to complete a full kit.[1]

The district court found that these workers were employees covered by the Act and that the employer had violated the minimum wage[2] provisions of the Act, but refused to grant injunctive relief. The district court justified its refusal to grant injunctive relief on the employer's "good faith," lack of intent to violate the Act, and desire to provide employment to those unable or unwilling to work outside the home. *Marshall v. Van Matre*, Civ. No. 77–2005 (W.D.Ark. May 21, 1979) (slip op. at 12–14).

■ For reversal the Secretary argues that the district court abused its discretion in denying injunctive relief. The Secretary emphasizes that in the present case the employer continued to violate the Act at the time of trial, made no attempt to comply with the Act and did not promise to comply with the Act in the future. The Secretary further argues that, even assuming the employer acted in good faith, such a factor is of minimal relevance in the absence of any promise or showing of future compliance. We agree.

The trial court, in determining whether or not to enjoin an employer from further violations, must exercise its discretion to accomplish the Act's objective of abolishing [substandard labor conditions]. Guiding factors include the employer's previous noncompliance and the dependability of its promise of future compliance. The trial court's belief that the employer desires to comply with the Act in the future might not be sufficient reason to deny the injunction.

*Brennan v. Correa*, 513 F.2d 161, 163 (8th Cir. 1975) (per curiam) (child labor provisions) (footnote and citations omitted); *see Marshall v. Lane Processing, Inc.*, 606 F.2d 518, 519 (8th Cir. 1979) (child labor provisions), *cert. denied,* —— U.S. ——, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980); *Goldberg v. Kickapoo Prairie Broadcasting Co.*, 288 F.2d 778, 782–83 (8th Cir. 1961) (minimum wage,

---

1. These two employees were more experienced workers than the eleven employees who testified in support of the Secretary.

2. The district court also found that the Secretary failed to establish overtime compensation violations. The Secretary has not appealed that ruling.

overtime compensation and recordkeeping provisions). Where the Secretary has established violations of the Act, the district court should ordinarily grant injunctive relief, even if the employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations. *See Marshall v. Lane Processing, Inc., supra,* 606 F.2d at 519–20 (injunction even though present compliance), *citing McComb v. Wyandotte Furniture Co.,* 169 F.2d 766, 770 (8th Cir. 1948) (injunction even though present compliance).

■ In the present case the employer was in violation of the Act at the time of trial and, as far as we can determine from the record, continues to violate the Act. Although advised of its violations, the employer has made no effort to comply with the Act. The employer has neither promised to comply in the future nor made any showing of what would be done to bring its records and payment practices into compliance with the Act. There is nothing in the present record to convince the district court that there is no reasonable probability of a recurrence of the violation. In fact, the record suggests the opposite. Under these circumstances, we conclude the district court abused its discretion in failing to grant injunctive relief. *See Marshall v. Lane Processing, Inc., supra,* 606 F.2d at 519–20; *Goldberg v. Kickapoo Prairie Broadcasting Co., supra,* 288 F.2d at 782–83, *citing Walling v. Panther Creek Mines, Inc.,* 148 F.2d 604, 605 (7th Cir. 1945) ("[W]here the evidence clearly shows existing violations and the likelihood, indeed, the virtual certainty of future violations, a decision denying an injunction will be reversed."); *McComb v. Wyandotte Furniture Co., supra,* 169 F.2d at 770 ("[W]here a violation still persists at the time of the trial and is not inadvertent, an injunction clearly should be granted.").

■ The employer's only justification for refusing to comply with the Act was his unwillingness to accept his employees' accounts of hours worked. This is no excuse for noncompliance. *Cf. Walling v.*

*Panther Creek Mines, Inc., supra,* 148 F.2d at 607 (rejecting "commercial infeasibility" as a defense). In addition, the district court's belief that the employer did not violate the Act purposefully and otherwise acted in good faith is not a sufficient reason to deny injunctive relief, particularly in the absence of present compliance, any promise of future compliance or showing of corrective measures. *See Goldberg v. Kickapoo Prairie Broadcasting Co., supra,* 288 F.2d at 782, *citing Tobin v. Anthony–Williams Manufacturing Co.,* 196 F.2d 547, 551 (8th Cir. 1952); *Goldberg v. Cockrell,* 303 F.2d 811, 813–14 (5th Cir. 1962); *Lenroot v. Kemp,* 153 F.2d 153, 156–57 (5th Cir. 1946) ("Confronted with facts showing active violations, belief in a future course of law–observance, based merely upon the defendants' reputation of being law–abiding, is not enough.").

■ The Secretary also argues the district court erred in refusing to order the payment of unpaid back wages and to restrain the employer from further withholding minimum wages. We agree. The district court denied injunctive relief on the grounds that the employer acted in good faith and that any such relief would require improper speculation. First,

> any lack of willfulness on the part of [the employer] does not justify freeing [it] from having to make restitution....
>
> It must be remembered that [ordering payment of unpaid back wages and] restraining [the employer] from withholding the minimum wages ... [are] meant to vindicate a public, rather than a private, right, and that the withholding of money due is considered a "continuing public offense."

*Wirtz v. Malthor, Inc.,* 391 F.2d 1, 3 (9th Cir. 1968) (citations omitted); *cf. Hodgson v. Taylor,* 439 F.2d 288, 290 (8th Cir. 1971) (per curiam) (financial hardship no grounds for refusing injunctive relief). Second, when evaluated under the practical and remedial standard mandated by *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–88, 66 S.Ct. 1187, 1191–1193, 90 L.Ed. 1515 (1946), the evidence in the present case jus-

tifies recovery under the Act. Each of the eleven employees called by the Secretary testified as to the number of hours worked. Such evidence satisfies the employees' burden of proof.

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, ... an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act. And even where the lack of accurate records grows out of a bona fide mistake as to whether certain activities or nonactivities constitute work, the employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances. Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. That rule applies only to situations where the fact of damage is itself uncertain. But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. In such a case "it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve

the wrongdoer from making any amend for his acts." It is enough under these circumstances if there is basis for a reasonable inference as to the extent of the damages.

*Id.* 328 U.S. at 687–88, 66 S.Ct. at 1192–1193 (citations omitted); *accord, Mumbower v. Callicott,* 526 F.2d 1183, 1186 (8th Cir. 1975); *Mitchell v. Williams,* 420 F.2d 67, 69–70 (8th Cir. 1969).

Accordingly, the judgment of the district court is reversed and the case is remanded with directions to grant injunctive relief not inconsistent with this opinion and to award back wages. The district court may hold further proceedings, if necessary, to determine the appropriate amount of back wages.