Raymond J. DONOVAN, Secretary of Labor United States Department of Labor

v.

ELCA OF NEW HAMPSHIRE, INC., d/b/a Colonial House of Pancakes; Elliot W. Taylor; Carole A. Taylor.

Civ. No. 83–735–D.

United States District Court, D. New Hampshire.

Aug. 31, 1984.

Claire B. White, U.S. Dept. of Labor, Washington, D.C. (Joseph M. Woodward and Linda Jan S. Pack, Washington, D.C., on brief), Albert H. Ross, Regional Sol., and David L. Baskin, Trial Atty., Boston, Mass., for plaintiff.

David R. Decker, Laconia, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

This is an action brought pursuant to applicable provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, 219. Plaintiff seeks injunctive relief for alleged violations of certain sections of FLSA which concern child labor, 29 U.S.C. § 212, 215(a)(4), and also seeks recovery of a previously-assessed civil penalty in the amount of $4,000. 29 U.S.C. § 216(e).

■ At this stage of the proceedings, the issue posed for resolution by the Court is plaintiff's motion for summary judgment. The granting of summary judgment is proper only if, viewing the record in the light most favorable to the nonmoving party, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Early v. Eastern Transfer*, 699 F.2d 552, 554–55 (1st Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 93, 78 L.Ed.2d 100 (1983); *Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 594 (1st Cir.1982). A dispute of fact is material if it affects the outcome of the litigation and is genuine if manifested by substantial evidence going beyond the allegations of the complaint. *Pignons S.A. de Mecanique de Precision v. Polaroid Corporation*, 657 F.2d 482, 486 (1st Cir.1981).

The applicable regulations which pertain to the employment of minors in food service establishments are found in 29 C.F.R. Part 570. Thereunder, minors may not be employed more than eight hours in any one day when school is not in session, 29 C.F.R. § 570.35(4), or beyond 9 p.m. during the summer months (defined as June 1 through Labor Day), 29 C.F.R. § 570.35(6). Additionally, retail establishment employers may not permit employees under the age of 18 to use power-driven knives such as meat slicers, 29 C.F.R. § 570.61(a)(4), or to use or clean dough mixers, 29 C.F.R. § 570.-62(a)(1).

The affidavit of Scott Wilkinson, Compliance Officer of the United States Department of Labor, is attached to the motion for summary judgment as Plaintiff's Exhibit 1. Therein, Wilkinson details that review of the records of defendants' restau-

rant located in Hooksett, New Hampshire,[1] showed that in the summer of 1982 one Scott Martel, then 15 years of age, worked as late as 9:30 p.m. during the summer months of 1982, and as many as 8½ hours per day. Plaintiff's Exhibit 1. Additionally, further review of such records showed that one Joseph Sullivan, age 15, worked as many as 8¾ hours per day in the week ending May 17, 1981. *Id.* Wilkinson's Affidavit also detailed that eight minors under the age of 18 had operated electric dough mixers and/or electric slicers. *Id.* The affidavit goes on to state that under date of June 10, 1983, Wilkinson discussed the violations with defendant Elliott Taylor, who did not deny same, contended that it was his subordinate managers who assigned the minors to work with such machinery, and admitted familiarity with FLSA and the regulations promulgated thereunder. *Id.*

The affidavit of Scott Ladieu is attached to the motion as Plaintiff's Exhibit 2. Therein Ladieu admits that while employed at the Hooksett restaurant of defendants before he attained the age of 18 he used the electric meat slicer on a weekly basis and also cleaned it, as well as the vertical dough mixer. *Id.*

Plaintiff's Exhibit 3 is a "First Report of Injury" (a form mandated to be filed by employers pursuant to the applicable provisions of the Workers' Compensation law of New Hampshire, RSA 281 as amended) executed by Roy Ashe, then manager[2] of defendants' Hooksett restaurant. It details the injuries sustained by 17-year-old David Pariseau as the result of Pariseau's use of the meat slicer in the course of his employment by defendants. *Id.*

In response to the aforesaid affidavit and its attachments, defendant Elliott Taylor, by his affidavits,[3] admits that he discussed violations of child labor laws with Wilkinson and that he did not deny such violations. *See* Taylor Affidavit of August 6, 1984. His affidavits further detail his alleged lack of personal knowledge of these violations and his instructions to each of his branch managers in his varied restaurants that they should ensure that there be no violations of labor laws.[4] *Id.*

■ This "plea of confession and avoidance" is apparently designed to contravene the claim that defendants'[5] violations of the Child Labor provisions of FLSA were at the most the result of poor supervision and willful in nature. Unfortunately, this argument does not equate with proof of such facts as are necessary to defend against summary judgment, for it is well established with respect to the Child Labor provisions of FLSA

that an employer's duty to enforce the provisions of the Act does not end with directives communicated to subordinates. *Lenroot v. Interstate Bakeries Corporation, supra,* 146 F.2d [325] at 328 [ (8th Cir.1945) ]. Where such directives are followed by further violations, sterner measures controlling the actions of sub-

---

1. Defendants operate from eight restaurants in different locations in the states of Maine, New Hampshire, and Massachusetts. *See* Affidavit of Elliott Taylor dated July 31, filed in this court under date of August 1, 1984.

2. In his affidavit dated August 6 and here filed August 8, 1984, Elliott Taylor states that Ashe has been discharged "for gross misconduct in the performance of his duties including but not limited to breach of labor laws".

3. As indicated, nn. 1, 2, *supra,* Elliott Taylor has filed two affidavits in opposition to the motion for summary judgment.

4. Attached to Taylor's earlier affidavit are copies of what purport to be a memo to his restaurant managers under date of June 7, 1983, and an undated letter to all employees under the age of 18 concerning the prohibition of use by such employees of automatic appliances of the type here at issue. The Court notes that the complaint herein alleges violations commencing on or about April 1, 1981.

5. Defendant Elliott Taylor belatedly attempts in his earlier affidavit to deny that either he or the individual defendant Carole A. Taylor are "employers" within the meaning of FLSA. The short answer to this is that their status as such was admitted in their earlier-filed answer to the complaint herein. Moreover, the circumstances before the Court with respect to their ownership of varied restaurants and instructions to branch managers thereof tend to indicate that in any event they are "employers" within the broad scope of FLSA. *See Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983).

ordinates may be appropriate. *Id.* at 327.

*Brennan v. Correa,* 513 F.2d 161, 163–64 (8th Cir.1975).

 Turning to the penalty assessment, 29 U.S.C. § 216(e) and its applicable regulation, 29 C.F.R. § 579.4(b), provide that a determination of penalty by the Secretary of Labor is final unless the employer files timely exception thereto. In a pleading dated June 25, and here filed on June 26, 1984 (*see* document # 15), defendants admitted failure to timely contest the civil penalty of $4,000 thus assessed, claiming they thought it was one previously assessed and paid by them. However, the decision with respect to the prior penalty was issued on August 3, 1983, where reference to an assessment of $5,720, ultimately reduced to $2,720, named the minors involved and the years of 1977 and 1978. This penalty had been paid under date of October 20, 1983, but the penalty assessment here at issue was sent to defendants under date of October 24, 1983, and differed in plain respects from the prior penalty. Registered mail receipts support the claim that notice of such assessment was properly sent to defendants,[6] and it is therefore clear that no genuine issue of material fact exists with regard to this portion of the plaintiff's claim.

While in a summary judgment action the moving party bears the burden of showing that there is no genuine issue as to all the material facts necessary to entitle him to judgment, *Donovan v. Agnew, supra,* 712 F.2d at 1515, once the movant has made such showing, the nonmoving party opposing summary judgment must demonstrate the existence of a genuine issue of material fact. *Id.; White v. Hearst Corporation,* 669 F.2d 14, 17 (1st Cir.1982). I find and rule that no such demonstration has here been made, and that, accordingly,

the plaintiff is here entitled to the entry of summary judgment on both counts of its amended complaint; that is, (1) to the injunctive relief sought in the complaint;[7] and (2) to an order of judgment on the existing $4,000 civil penalty assessed by the Secretary of Labor.

Accordingly, within ten days of receipt of this Order, counsel for plaintiff shall prepare and forward to the Court for execution an order of judgment for the injunctive relief hereinafter sought. As of the date of execution of such order, the Clerk is directed to enter judgment herein for plaintiff on all aspects of his amended complaint.

SO ORDERED.

---

**6.** The unsworn allegation of counsel that a "careful search" of the file revealed no notice of the penalty at issue does not interpose a proper defense to a motion for summary judgment.

**7.** In determining whether to enjoin an employer from further violation of the Child Labor provisions of FLSA, a Court must exercise its discretion to accomplish the statutory objective of the abolition of oppressive child labor, and in so proceeding, a fundamental criterion in making such determination is previous noncompliance on the part of the employer. *Marshall v. Lane Processing, Inc.,* 606 F.2d 518, 519 (8th Cir.1979), *cert. denied,* 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980).