**William E. BROCK III, Secretary of Labor, United States Department of Labor, Plaintiffs-Appellants,**

v.

**BIG BEAR MARKET NO. 3, a corporation; and John Mabee, individually, Defendants-Appellees.**

No. 86–6538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1987.

Decided Aug. 24, 1987.

Lauriston H. Long, Washington, D.C., for plaintiffs-appellants.

James S. Munak, San Diego, Cal., for defendants-appellees.

Before HUG and WIGGINS, Circuit Judges, and PRICE,* District Judge.

WIGGINS, Circuit Judge:

The Secretary of Labor sued Big Bear Market No. 3 and John Mabee, its Chief Executive Officer and principal stockholder, (collectively "Big Bear") for back pay, damages and injunctive relief under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 216(c), 217, for violating the Act's overtime, record-keeping, and child labor provisions, 29 U.S.C. §§ 207, 211(c), 212(c), 215(a)(2), (4) & (5). After trial the district court awarded back pay and liquidated damages to Big Bear employees it found had worked overtime without compensation in violation of 29 U.S.C. §§ 207, 215(a)(2). It denied prospective injunctive relief because no violations had occurred in the last three years. The Secretary appeals the district court's denial of an injunction. We reverse and remand.

## FACTS AND PROCEEDINGS

Big Bear operates retail grocery stores in California. A Department of Labor Wage-Hour Compliance Officer investigated Big Bear in late 1982 to determine its compliance with provisions of the Act. As a result of the investigation, the Secretary sued Big Bear on August 31, 1983 for past and continuing FLSA violations. The Secretary had previously conducted investigations of Big Bear in the 1960's and 1970's, but offered no evidence at trial of violations for past misconduct.

The district court found that ten employees covered by the Act had worked unrecorded and uncompensated time ("off-the-clock"); that store managers and upper level managers knew employees worked off-the-clock; and that Big Bear acted willfully and in bad faith in violating the Act. It awarded back pay and liquidated damages to the ten employees. The court also found that minors had operated the power bailing machine at Big Bear Markets in violation of Hazardous Occupation Order No. 12, 29 C.F.R. § 570.63 (1986). Finally, the court exercised its discretion not to grant prospective injunctive relief because the violations took place three years previ-

* Honorable Edward Dean Price, United States District Judge, Eastern District of California, sitting by designation.

ously and the Secretary made no allegations at trial of subsequent violations.[1]

## DISCUSSION

This court reviews a district court's denial of a prospective injunction for abuse of discretion or for application of an erroneous legal principle. *SEC v. Goldfield Deep Mines Co.*, 758 F.2d 459, 465 (9th Cir.1985). The exercise of discretion is not unbridled, *Dunlop v. Davis*, 524 F.2d 1278, 1280 (5th Cir.1975), and in exercising its discretion the court must give "substantial weight to the fact that the Secretary seeks to vindicate a public, and not a private, right." *Marshall v. Chala Enters.*, 645 F.2d 799, 804 (9th Cir.1981). An appeals court may reverse a district court under the abuse of discretion standard if it has a definite and firm conviction that the district court committed a clear error of judgment upon a weighing of relevant factors. *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985) (review of district court's imposition of discovery sanctions under abuse of discretion standard).

The purpose of issuing an injunction against future violations is to effectuate general compliance with national policy as expressed by Congress. *Chala*, 645 F.2d at 804 (citing *Mitchell v. Pidcock*, 299 F.2d 281, 287 (5th Cir.1962)). Congressional policy is to abolish substandard labor conditions by preventing recurrences of violations in the future. *Marshall v. Van Matre*, 634 F.2d 1115, 1117 (8th Cir.1980). Prospective injunctions are essential to effectuate that policy because the cost of noncompliance is placed on the employer. *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1375 (9th Cir.1981).

The district court based its denial of an injunction on the absence of allegations of continuing violations from the time of the conclusion of the government's investigation to the time of judgment three years later. A district court should, in considering whether to grant an injunction, look at evidence of current compliance, especially

if compliance has continued for a long period of time. But current compliance alone, particularly when achieved by direct scrutiny of the government, is not sufficient ground for denying injunctive relief. *Davis*, 524 F.2d at 1281; *see also Chala*, 645 F.2d at 804 ("present compliance is only one of the factors relevant to the exercise of an informed judicial discretion to determine whether an injunction against future violations is appropriate") (quoting *Wirtz v. Milton J. Wershow Co.*, 416 F.2d 1071, 1072 (9th Cir.1969)); *Marshall v. Lane Processing, Inc.*, 606 F.2d 518, 519 (8th Cir.1979) (though employer in present compliance, presence of other factors support issuance of injunction), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980).

In deciding whether to grant injunctive relief, a district court must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur. A dependable, bona fide intent to comply, or good faith coupled with extraordinary efforts to prevent recurrence, are such appropriate factors. An employer's pattern of repetitive violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction. *See, e.g., Davis*, 524 F.2d at 1281 (denial of injunctive relief not proper when the employer violated the Act in bad faith, but had ceased his violations following their discovery by the compliance officer and had not resumed them by the time of trial, because the district court did not properly consider the previous conduct of the employer and the dependability of his promises for future compliance); *Mitchell v. Hertzke*, 234 F.2d 183, 187–88 (10th Cir.1956) (denial of injunctive relief was proper where proven violations were few, not made in bad faith, the employer had made extraordinary efforts to prevent recurrence, and no reasonable grounds existed for believing future violations would occur).

---

1. The Secretary disputes that no allegations of subsequent violations were made. Because we find current compliance, standing alone, not enough to deny injunctive relief, we need not consider this question.

Big Bear argues that though the district court made no explicit findings about whether FLSA violations were continuing or were likely to resume in the future, such findings, basic to the Secretary's right to injunctive relief, were impliedly made by the court. It cites *Wells Benz, Inc. v. United States*, 333 F.2d 89 (9th Cir.1964), for the proposition that findings of fact will be implied to sustain a judgment. However, *Wells Benz* actually states that "whenever, from *facts found*, other facts may be inferred which will support the judgment, such inferences will be deemed to have been drawn. The findings of fact by a trial court must receive such a construction as will uphold, rather than defeat, its judgment." *Id.* at 92 (emphasis added). The district court made no findings of fact from which we can infer a likelihood of future compliance. It said only that no allegations of current noncompliance had been made by the government. On the other hand, the district court found many violations, and found they were willful and in bad faith. Moreover, the record shows no credible promises about future compliance.

## CONCLUSION

The district court looked only to the lack of evidence of continuing violations to justify denial of an injunction. It did not consider that compliance came only after an investigation and court proceedings were instituted, and that the violations were made in bad faith. It made no findings as to whether the employer had instituted procedures to ensure compliance in the future, nor findings about whether the employer made credible promises about future compliance. The court's denial of prospective relief solely on the basis of present compliance was improper.

We REVERSE and REMAND for reconsideration.