985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale William MARTINEAU, Defendant-Appellant.
 No. 92-50113.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 9, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0625-RSWL-2; Ronald S.W. New, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETT and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dale William Martineau was convicted of aiding and abetting the robbery of the Downey Savings and Loan. The savings and loan was robbed by Douglas Dean Hannam. Martineau drove the getaway car, but his defense was that he did not know Hannam had robbed the savings and loan. Hannam testified that Martineau didn't have anything to do with the robbery. On cross-examination he testified he and Martineau were casual acquaintances and Martineau never touched a paper bag Hannam had used in an earlier robbery of the Bank of America.
 
 
 3
 On appeal, Martineau challenges the district court's ruling permitting the government to introduce rebuttal evidence that Martineau's fingerprings were on the paper bag Hannam used in the Bank of America robbery. Martineau argues that the rebuttal evidence was not probative of bias, and it should have been excluded in any event because it was substantially more prejudicial than probative.
 
 
 4
 We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 5
 Extrinsic evidence is not generally admissible to impeach credibility, see Federal Rule of Evidence 608(b), but it is if probative of bias. United States v. Abel, 469 U.S. 45, 49-53 (1984); see also United States v. Dickens, 775 F.2d 1056, 1058 (9th Cir. 1985). Martineau argues that the paper bag and fingerprint evidence are not probative of bias. We disagree.
 
 
 6
 The government's rebuttal evidence suggested that Martineau was with Hannam before the Bank of America robbery and tends to discredit Hannam's testimony to the effect that he and Martineau were only acquaintances. The evidence suggested there was a more substantial relationship between the two and that they were possibly partners in crime. Either way, the evidence was probative of bias.
 
 
 7
 Abel is similar to this case. In Abel, the extrinsic testimony was that the defendant and a witness were members of the same prison gang. Abel, 469 U.S. at 49. The Court found a jury could infer from this that the witness either liked or feared the defendand and was biased. Id. at 52. While the evidence here does not suggest an organizational link as in Abel, it does suggest a relationship sufficient to show bias. The district court did not abuse its discretion in admitting the evidence over the defense's objection that the evidence violated Federal Rule of Evidence 608(b).
 
 
 8
 We also conclude that the district court did not err in refusing to exclude the evidence under Federal Rule of Evidence 403. Under this rule, and the decisions of our court, the district court has discretion to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; United States v. McInnis, 976 F.2d 1226, 1231 (9th Cir. 1992); United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325 (9th Cir. 1992). We will not reverse a district court's discretionary evidentiary ruling unless we are left " 'with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.' " United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir. 1992) (citing United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir. 1988)); see also United States v. Smith, 944 F.2d 618, 629 (9th Cir. 1991), cert. denied, 112 S.Ct. 1515 (1992); Brock v. Big Bear Market No. 3, 825 F.2d 1381, 1383 (9th Cir. 1987). While the evidence here carries some danger of prejudice, we are not left with a "firm conviction" that it is substantially more prejudicial than probative. See Abel, 469 U.S. at 54-55. Moreover, Martineau did not raise the Rule 403 objection at trial. He raised it for the first time in his motion for new trial. In this circumstance, we review the admission of the challenged evidence for plain error. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990). It was not plain error for the district court to admit the evidence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3